LITTLER MENDELSON, P.C.
RICHARD H. RAHM, Bar No. 130728
650 California Street, 20th Floor
San Francisco, California 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
rrahm@littler.com

LITTLER MENDELSON, P.C.
MATTHEW E. FARMER, Bar No. 190484
ELISABETH F. TIETJEN, Bar No. 258704
PATRICK T. BYRNE, Bar No. 279459
5200 N. Palm Avenue, Suite 302
Fresno, California 93704
Telephone: 559.244.7500
Facsimile: 559.244.7525
mfarmer@littler.com
etietjen@littler.com
pbyrne@littler.com

Attorneys for Defendants
RUAN, INCORPORATED; KINGS COUNTY TRUCK LINES, INC.; RUAN TRANSPORT CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WILLIAMS, DAVID YOUNG, SCOTT ROWE and RON CABRERA,<br><br>Plaintiffs,<br><br>v.<br><br>RUAN INCORPORATED, KINGS COUNTY TRUCK LINES, INC., RUAN TRANSPORT CORPORATION and DOES 3-50, inclusive,<br><br>Defendants. | Case No.<br><br>Tulare County Superior Court Case No. Case No. VCU 09-231325<br><br>**NOTICE OF REMOVAL BY RUAN TRANSPORT CORPORATION** |

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Ruan Transport Corporation ("RTC"), contemporaneously with the filing of this Notice, hereby effects removal of the below-referenced action from the Superior Court of the State of California, County of Tulare, to the United States District Court for the Eastern District of California.

This action is removed pursuant to the procedures found in 28 U.S.C. sections 1441 and 1446, and removal jurisdiction is based on 28 U.S.C. section 1332(d) (Class Action Fairness Act) and 28 U.S.C. section 1441(a) (federal question).

## I. PROCEDURAL BACKGROUND

1. On October 10, 2008, Plaintiffs Kevin Williams, David Young, Scott Rowe, and Ron Cabrera ("Plaintiffs") filed a class action complaint in the Alameda County Superior Court entitled, *KEVIN WILLIAMS, DAVID YOUNG, SCOTT ROWE, and RON CABRERA, Plaintiffs, vs. RUAN, INCORPORATED, KINGS COUNTY TRUCK LINES, INC., and DOES 1-50, inclusive* ("Complaint").

2. Plaintiffs assert the following causes of action in their Complaint: (1) failure to provide meal periods, in alleged violation of Labor Codes sections 226.7 and 512 and subsection 11 of the Industrial Welfare Commission ("IWC") Wage Orders; (2) failure to provide rest periods, in alleged violation of Labor Code section 226.7 and subsection 12 of the IWC Wage Orders; (3) failure to pay wages due and owing upon termination of employment, in alleged violation of Labor Code section 203; (4) violation of the Unfair Competition Law ("UCL"), Business and Professions Code sections 17200, *et seq.*; (5) failure to pay overtime wages, in alleged violation of Labor Code section 510; (6) failure to pay premium wages for alleged missed meal and rest breaks, in violation of Labor Code section 512; (7) failure to provide accurate wage statements, in alleged violation of Labor Code section 226; (8) failure to allegedly pay minimum wages. A true and correct copy of the Complaint is attached as Exhibit A.

3. On November 19, 2008, Defendant Ruan, Incorporated answered the Complaint. On February 3, 2009, this action was transferred to Tulare County Superior Court, and on February 11, 2009, Defendant Kings County Truck Lines ("KCTL") answered the Complaint.

4. On November 12, 2009, Plaintiffs filed a document entitled "Plaintiffs' Doe Amendment," in which Plaintiffs named Ruan Transport Corporation ("RTC") as defendant in the action. On December 3, 2009, Plaintiffs served RTC's registered agent for service of process with a packet of documents, which included a Summons failing to identify that RTC was being served at all, let alone as a Doe defendant. A true and correct copy of the Summons served on RTC is attached as Exhibit B. Although counsel for RTC notified Plaintiffs on several occasions that RTC had not been properly served, no other attempt was made to serve RTC.

5. On February 1, 2013, more than three years after service of the documents on RTC, Plaintiffs filed a Request for Default, and a default was subsequently entered against RTC. On February 7, 2013, RTC filed and served its Motion to Set Aside Default Judgment Against Ruan Transport Corporation, which was heard on April 29, 2013. On that day, the Superior Court issued an order holding that RTC had been adequately served, but set aside the default. A true and correct copy of the Superior Court Order is attached as Exhibit C.

6. On May 8, 2013, RTC filed a petition for a writ of mandate in the Fifth District Court of Appeal, requesting that the Superior Court's order be reversed on the ground that RTC had never been served, and that the action be stayed. On May 10, 2013, the Fifth District Court of Appeal granted the stay and, concurrently, directed that RTC answer three questions posed by the Court of Appeal. RTC responded to those questions on May 17, 2013. A true and correct copy of the Court of Appeal's Order staying the action is attached hereto as Exhibit D. On May 20, 2013, the Court of Appeal ordered Plaintiffs to respond to both RTC's petition and to RTC's responses to the Court's three questions. On May 30, 2013, Plaintiffs filed

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

their response with the Court, and on June 3, 2013, RTC filed a reply to the response. The Fifth District Court of Appeal denied RTC's petition on July 3, 2013. A true and correct copy of the Court of Appeal's Order is attached hereto as Exhibit E.

## II. REMOVAL PROCEDURE

### A. Removal Is Timely Because Notice And The Accompanying Pleadings Have Been Filed Within Thirty Days.

7. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within thirty days of defendant receiving an "amended pleading, motion, order or other paper from which it may *first be ascertained* that the case is ... removable." 28 U.S.C. § 1446(b) (emphasis supplied). On April 29, 2013, the Superior Court held that RTC had been served, putting RTC on notice that it would be a party to the action. *See* Exhibit C. However, the Court of Appeal stayed the action from May 8, 2013 (after 10 days had elapsed) until July 3, 2013, when it denied RTC's petition. *See* Exhibit D. RTC thus had 20 days from July 3, 2013 to file its Notice of Removal, *i.e.*, until July 23, 2013. RTC's Notice of Removal is thus timely filed.

8. All pleadings that have been filed in this action in state court have been scanned and are in electronic format. RTC has been advised by the Deputy Clerks of the Fresno Division of the Eastern District that RTC should wait until its Petition is assigned to a judge before filing the complete record of the state action.

### B. Venue Is Proper In This District Pursuant To The Removal Statute And Diversity.

9. Venue is proper in this Court pursuant to 28 U.S.C. section 1441(a) because this action was removed from Tulare County Superior Court, located within the District and Division of the Court.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

## III. REMOVAL JURISDICTION

### A. CAFA Jurisdiction Exists Because The Action Is Between Minimally Diverse Parties, With More Than 100 Class Members, And Concerns A Controversy That Exceeds $5 Million.

10. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") because (1) at least one member (if not all) of Plaintiffs' class is a citizen of a state different from RTC; (2) it is a class action filed on behalf of more than 100 class members; and (3) the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

#### 1. CAFA Diversity Exists Because Plaintiffs Are California Citizens And RTC And Ruan, Incorporated Are Citizens Of Iowa.

11. CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12. Plaintiffs allege that each of them is a "citizen of the State of California." *See* Complaint ¶¶ 8-11.

13. Defendant KCTL is incorporated under the laws of the State of California. On January 1, 2011, KCTL ceased doing business, but when it was still doing business, its principal place of business was in Tulare, California. *See* Declaration of Ronald C. Hanson ("Hanson Decl.") ¶ 4.

14. Defendant RTC is incorporated under the laws of the State of Iowa. *See* Hanson Decl. ¶ 3. Defendant RTC is also a citizen of the State of Iowa because a corporation is deemed to be a citizen of the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Defendant RTC's headquarters is located at 666 Grand Avenue, Des Moines, Iowa. This is where all of the executive officers of RTC have their offices, and where decisions regarding corporate policy are

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

made. *See* Hanson Decl. ¶ 3. Accordingly, Des Moines, Iowa is RTC's principal place of business. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (courts apply the "nerve center test," which deems the principal place of business to be the state "where a corporation's officers direct, control, and coordinate the corporation's activities").

15. Defendant Ruan, Incorporated is incorporated under the laws of the State of Iowa. *See* Hanson Decl." ¶ 4. Defendant Ruan, Incorporated is also a citizen of the State of Iowa because its headquarters is also located at 666 Grand Avenue in Des Moines, which is where all of the executive officers of Ruan, Incorporated have their offices, and where decisions regarding corporate policy are made. *See* Hanson Decl. ¶ 4. Accordingly, Ruan, Incorporated is a citizen of Iowa.

16. Defendants Does 1 through 50 are fictitious. Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F. 3d 686, 690-91 (9th Cir. 1998).

17. This action thus satisfies the CAFA diversity requirements because Plaintiffs are citizens of the State of California and RTC and Ruan, Incorporated are citizens of the State of Iowa. *See* 28 U.S.C. § 1332(d)(2)(A).

**2. Plaintiffs Allege Claims On Behalf Of More Than 100 Class Members.**

18. The CAFA provides that "the number of members of all proposed plaintiff classes in the aggregate [not be] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

19. Plaintiffs allege their causes of action on a class-wide basis, in which they seek to represent:

The class is comprised of, and defined as, all current and

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

> former California-based, "Drivers" or persons in an equivalent position or performing equivalent job duties however titled, who worked and/or are working for Defendants, and each of them, within four years prior to the filing of the original Complaint in this action up to and including the resolution of this action, yet were not paid wages in violation of California Labor Code §§ 201, 202, 203, 226.7, 512 and Subsections 11 and 12 of the applicable Industrial Welfare Commission Orders.

Complaint ¶ 23. Because the Complaint was filed on October 10, 2008, Plaintiffs thus seek to represent all drivers from October 10, 2004 to the present. *See id.*

20. Although Plaintiffs do not specifically allege a proposed number of class members, the amount of class members fitting the class proposed by Plaintiffs exceeds 800. *See* Declaration of Claude Balaam ("Balaam Decl.") ¶ 3. CAFA's numerosity requirement is thus satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**3. The Amount In Controversy Is Over $5 Million Based On Statutory Penalties Sought By Plaintiffs.**

21. The CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). *See also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F. 3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by plaintiff's complaint).

22. Plaintiffs have not alleged a specific amount in controversy in their Complaint. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

amount in controversy has been met." *Abrego Abrego v. Dow Chemical Co.*, 443 F. 3d 676, 683 (9th Cir. 2006). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Guglielmino v. McKee Foods Corp.*, 506 F. 3d 696, 699 (9th Cir. 2007).

23. Defendant RTC denies the validity and merit of Plaintiffs' claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, assuming Plaintiffs' claims to be true for purposes of this removal only, it is apparent that Plaintiffs seek monetary relief exceeding the CAFA jurisdictional minimum.[1]

**a. Based On RTC Alone, Plaintiffs' Meal And Rest Break Claims Place At Least $12,049,624 In Controversy.**

24. In their first and second causes of action, Plaintiffs claim that Defendants failed to provide class members proper meal and rest periods. *See* Complaint ¶¶ 34-43. In the meal-break cause of action, Plaintiffs allege that "[i]t was and continues to be Defendants' ... systematic business policy and practice [to] work Plaintiffs and Class Members more than five hours per day without an off-duty 30 minute meal period[.]" Complaint ¶ 38. Plaintiffs further allege that "[i]t was and continues to be Defendants' ... systematic business policy and practice not to compensate the Plaintiffs and Class Members with the pay due and owing as required by California Labor Code § 226.7 ... (*i.e.*, one hour of pay per day per lunch period at the employee's regular rate of compensation)." *Id.* at ¶ 40. Plaintiffs make the same "systematic" allegations with respect to their rest break claims. *See* Complaint ¶¶ 46-47.

---

[1] Defendants deny liability on any of Plaintiffs' claims and make these calculations based on Plaintiffs' allegations and, assuming *arguendo*, that they are true. In particular, by making calculations based on Plaintiffs' allegations, it does not waive its right to contest liability and the amount claim for Plaintiffs or any particular class member.

25. In *Witkowsky v. Home Depot USA, Inc.*, 2009 U.S. Dist. LEXIS 109320, *5-6 (C.D. Cal., Nov. 5, 2009), the district court found plaintiff's claim that defendant had "systematically" overcharged for floor installation constituted an allegation that the defendant "overcharges the customer *every time* it charges an installation fee." (Emphasis supplied). Similarly, in *Alvarez v. Limited Express, LLC*, 2007 U.S. Dist. LEXIS 58148, *8-9 (S.D. Cal., Aug. 8, 2007), the district court found plaintiff had alleged that defendant had a "company culture" that "discouraged meal periods and rest breaks," which "effectively" meant that there was a 100% violation rate. *See also Navarro v. Servisair, LLC*, 2008 U.S. Dist. LEXIS 62513, *21-24 (N.D. Cal., Aug. 14, 2008) ("regularly worked through their meal periods" constituted a 100% violation rate). Accordingly, Plaintiffs' allegations that Defendants had a "systematic business policy and practice" not to provide 30-minute meal breaks "effectively" means that Plaintiffs are alleging that they and the class members *never* received such breaks. *See Witkowsky*, 2009 U.S. Dist. LEXIS 109320 at *5-6.

26. Because the California Supreme Court has held that the recovery on a section 226.7 claim constitutes wages, and is not a penalty, the statute of limitations, when combined with a UCL claim, is four years. *See Murphy v. Kenneth Cole Prods.*, 40 Cal. 4th 1094, 1099 (2007). In this respect, limiting the analysis to the last four years of RTC's drivers, in 2009, the lowest rate of pay received by a class member was $14.75 per hour; in 2010, the lowest rate of pay received by a class member was $15.25 per hour; in 2011, the lowest rate of pay received by a class member was $15.75 per hour; and in 2012, the lowest rate of pay received by a class member was $16.25 per hour. *See* Balaam Decl. ¶ 2. With respect to full time equivalent employee-drivers, RTC had 396 in 2009, 349 in 2010, 388 in 2011, and 420 in 2012. *See id.* at ¶ 3. In 2013, the lowest rate of pay received by a class member was $16.75 per hour, and there are 408 FTE drivers. *See id.* at ¶¶ 2-3. For purposes of calculating exposure, RTC will use the lowest rates of pay and will not use 2013 figures as they constitute only half a year.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

27. Taking Plaintiffs' allegations as true, and thus assuming *arguendo* that all of RTC's class members did not receive a meal break, the following calculations can be made: Assuming that a driver works 5 days a week and 50 weeks per year, each year of the 4-year statute of limitations would constitute 250 days. Thus, for 2009, the total minimum amount in controversy for missed meal breaks would be $1,460,250 (396 FTEs x $14.75/hour x 250 days); for 2010, the total minimum amount in controversy for missed meal breaks would be $1,330,562 (349 FTEs x $15.25/hour x 250 days); for 2011, the total minimum amount in controversy for missed meal breaks would be $1,527,750 (388 FTEs x $15.75/hour x 250 days); and for 2012, the total minimum amount in controversy for missed meal breaks would be $1,706,250 (420 FTEs x $16.25/hour x 250 days). Thus, the total minimum amount in controversy for the four-year period from 2009 – 2012 would be $6,024,812. Because the same calculations would apply to alleged missed rest breaks, there would be an additional $6,024,812. The total minimum amount in controversy for meal and rest breaks for the four-year period would therefore be **$12,049,624**. This does not include RTC's employees prior to 2009, nor Defendant KCTL's employees going back to 2004.

**b. Plaintiffs' Alleged Overtime Claim Places At Least $4,518,606 In Controversy Just For RTC.**

28. In their sixth cause of action, Plaintiffs claim that Defendants failed to provide overtime wages in violation of Labor Code § 510. *See* Complaint ¶¶ 65-75. Specifically, Plaintiffs allege that Defendants failed to provide "2.5 hours of overtime *for each five day work week* and 3.0 hours of overtime *for each six day work week*." *Id.* at ¶ 72 (emphasis supplied). Plaintiffs further allege that, as per California Labor Code § 510, these unpaid overtime wages shall be compensated at a rate of not less than one and one-half times the regular rate of pay. *See id.* at ¶ 66.

29. As with Plaintiffs' meal and rest break claims, the statute of limitations for Plaintiffs' overtime claim, when combined with the UCL, would be

four years. *See Murphy*, 40 Cal. 4th at 1099. Assuming *arguendo* that Plaintiffs' estimates are correct, and using only the lower "2.5 hours" rate, the amount in controversy for the overtime claim just for RTC would be: For 2009, the total minimum amount in controversy for Plaintiffs' alleged overtime claim would be $1,095,187 (396 FTEs x $22.125 [1.5 x $14.75]/hour x 2.5 hours/week x 50 weeks); for 2010, the total minimum amount in controversy for Plaintiffs' alleged overtime claim would be $997,921 (349 FTEs x $22.875 [1.5 x 15.25] x 2.5 hours/week x 50 weeks); for 2011, the total minimum amount in controversy for Plaintiffs' alleged overtime claim would be $1,145,812 (388 FTEs x $23.625 [1.5 x 15.75] x 2.5 hours/week x 50 weeks); and for 2012, the total minimum amount in controversy for Plaintiffs' alleged overtime claim would be $1,279,687 (420 FTEs x $24.375 [1.5 x 16.25] x 2.5 hours/week x 50 weeks). Thus, the total minimum amount placed in controversy by Plaintiffs' calculations of overtime owed would be **$4,518,607** just for the last four years of RTC. Again, this does not include the alleged overtime owing to KCTL's drivers going back to 2004.

### c. Plaintiffs' Alleged Wage-Statement Claim Places Approximately $1,071,000 In Controversy Just For RTC.

30. In their eighth cause of action, Plaintiffs allege that Defendants failed to provide accurate wage statements in violation of Labor Code section 226(a), for which they seek statutory penalties pursuant to section 226(e). *See* Complaint ¶¶ 83-87. Plaintiffs allege that Defendants "failed to maintain the records required" by section 226, which, presumably, derives from Plaintiffs' allegation that RTC did not record the hours of overtime worked on Plaintiffs' wage statements. Since Plaintiffs alleged that RTC failed to record 2.5 – 3.0 hours of overtime every week for every employee, all of RTC's wage statements would presumably be in violation of section 226. *See* Complaint ¶ 72.

31. Labor Code section 226(e) provides that an "employee suffering injury as a result of knowing and intentional failure by an employer" to comply with

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

section 226(a) "is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent period, not exceeding an aggregate penalty of four thousand dollars ($4,000), ..." The statute of limitations on a section 226(e) claim is one year. *See Singer v. Becton, Dickinson and Co.*, 2008 U.S. Dist. LEXIS 56326, *11-14 (S.D. Cal., Jul. 23, 2008).

32. Defendants' drivers are (and were) paid every two weeks and, as such, its drivers have 26 pay periods per year. *See* Balaam Decl. ¶ 2. The first pay period would be assessed a penalty of $50, and each of the remaining 25 pay periods would be assessed at $100, or a total of $2,550 for the one-year statute of limitations period. Limiting the analysis to RTC only, based on 420 employees in 2012 each receiving $2,550 in statutory penalties, the total statutory penalties would be **$1,071,000** (420 x 2,550). Again, this amount does not include the statutory penalties for KCTL's drivers from October 10, 2007 to the present.

#### d. Plaintiffs' Alleged Claim For Attorneys' Fees Places At Least $500,000 In Controversy.

33. Plaintiffs also seek an award of attorneys' fees. *See* Complaint, Prayer at ¶ 10. In determining whether a complaint meets the amount in controversy requirement, a court should also consider attorneys' fees. *See, e.g., Goldberg v. C.P.C. Int'l, Inc.*, 678 F. 2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts). In California it is not uncommon for an attorneys' fees award in a class action to be twenty-five to thirty-three percent of the settlement or award. *See Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66, fn. 11 (2008) (fee awards in class actions average around one-third of the recovery). Accordingly, considering the millions of dollars in wages and penalties that could be awarded based on Plaintiffs' allegations, it would be quite conservative to assume that attorneys' fees could easily reach **$500,000**.

34. While Defendants deny liability, assuming *arguendo* that Plaintiffs recovered on behalf of a class on just their claims against RTC for meal and rest breaks, overtime and wage-statement violations, the amount in controversy amounts to **$18,139,231** ($12,049,624 + $4,518,607 + $1,071,000 + $500,000). Once again, this amount does not include alleged liability on the same claims for KCTL's drivers going back to October 10, 2004. Removal of this action is therefore proper as the aggregate value of Plaintiffs' claims for alleged unpaid wages, statutory penalties and attorneys' fees is well in excess of the CAFA jurisdictional amount of $5 million. *See* 28 U.S.C. § 1332(d)(2).

### B. Federal Question Jurisdiction Exists Because Plaintiffs Have Artfully Pled An LMRA Cause Of Action.

35. This Court has original federal question jurisdiction based on Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. sections 185, *et. seq.*, because Plaintiffs' first, second and fifth causes of action are "artfully pled" LMRA claims. Under the "artful pleading" doctrine, a plaintiff may not avoid federal jurisdiction by "omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Olguin v. Inspiration Consol. Copper Co.*, 740 F. 2d 1468, 1472 (9th Cir. 1984). Because Defendants' drivers are all subject to a collective bargaining agreement that provides for meal and rest breaks and overtime, Plaintiffs' state-law claims are preempted by the LMRA and are therefore subject to removal under federal question jurisdiction. *See* 28 U.S.C. § 1441(a).

36. Plaintiffs' first and second causes of action are for alleged violation of California's meal and rest break laws, pursuant to Labor Code sections 226.7 and 512. *See* Complaint ¶¶ 34-50. Section 512, however, specifically provides that California's meal and rest break requirements do not apply to commercial drivers provided that the employee is covered by a "valid collective bargaining agreement" that provides for (1) wages, hours of work, and working conditions of employees, and

"expressly provides for meal periods for those employees," (2) final and binding arbitration of disputes concerning application of its meal period provisions, (3) premium wage rates for all overtime hours worked, and (4) a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate. *See* Lab. Code § 512(e), (f).

37. Plaintiffs' fifth cause of action is for allegedly unpaid overtime, pursuant to Labor Code section 510. *See* Complaint ¶¶ 65-75. Section 514, similar to Section 512, also provides that section 510 does not apply to employees who are subject to a collective bargaining agreement that contains the above four provisions. *See* Lab. Code § 514; Complaint ¶ 67.

38. Plaintiffs' class members are subject to collective bargaining agreements that contain all of the above requirements. *See* Balaam Decl. ¶ 4. "The need to interpret the CBA" therefore "inhere[s] in the nature" of Plaintiffs' state-law claims for meal and rest breaks and overtime. *See Cramer v. Consolidated Freightways, Inc.*, 255 F. 3d 683, 691 (9th Cir. 2001). *See also Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988) ("an application of state law is preempted by § 301" if it "requires the interpretation of a collective bargaining agreement"). Plaintiffs have thus alleged LMRA claims and, for that reason, the Complaint is also removable under federal question jurisdiction. *See* 28 U.S.C. § 1441(a); *Schroeder v. Trans World Airlines, Inc.*, 702 F. 2d 189, 191 (9th Cir. 1983) (under the artful pleading doctrine, "[i]t is proper to use the petition for removal to clarify the action which plaintiff presents and to determine if it encompasses an action within federal jurisdiction").

### C. Federal Question Jurisdiction Exists Because Plaintiffs Have Artfully Pled Claims Preempted By The FAAAA And FMCSR.

39. The Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), which applies to both intrastate and interstate transportation, preempts any state "law, regulation, or other provision having the force and effect of law related

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

to a price, route, or service of any motor carrier ... with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). The FAAAA not only preempts state laws that directly regulate "price, route, or service of any motor carrier," but also those laws whose impact "is only indirect." *See Rowe v. New Hampshire Motor Transport Assn.*, 552 U.S. 364, 370 (2008). In *Dilts v. Penske*, 819 F. Supp. 2d 1109, 1120 (S.D. Cal. 2011), the district court held that because California's meal and rest break laws necessarily impact a motor carrier's services, routes or prices, they are preempted by the FAAAA as a matter of law.

40. RTC is a motor carrier, and KTCL was a motor carrier, engaged in the transportation of property. *See* 49 U.S.C. § 13102(13) (the term "motor carrier" is defined as "a person providing motor vehicle transportation for compensation"); *see also Dan's City Used Cars, Inc. v. Pelkey*, 133 S. Ct. 1769, 1776, n. 1 (2013); Balaam Decl. ¶ 4. Plaintiffs' claims for meal and rest breaks are preempted by the FAAAA, and therefore the action is subject to removal.

41. Likewise, RTC is a commercial motor carrier subject to the Federal Motor Carrier Safety Regulations ("FMCSR"), which comprehensively regulates drivers' hours of service through the Hours of Service ("HOS") regulations. *See* Hanson Decl. ¶ 3; *see also* 49 U.S.C. §§ 31502, 31136. The Federal Motor Carrier Safety Administration ("FMCSA") previously rejected break requirements like California's since they "would significantly interfere with the operational flexibility motor carriers and drivers need to manage their schedules." Hours of Service of Drivers, 70 Fed. Reg. 49,978, 50,011 (Aug. 25, 2005).

42. Starting July 1, 2013, the HOS regulations were changed such that drivers must take one thirty-minute off-duty break every eight hours, which expressly conflict with California meal and break laws. *See* 49 C.F.R. § 395.3(a)(3)(ii); Lab. Code § 512. California's meal and break laws are thus preempted by the federal hours of service statutes and regulations because they "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives" of the hours of

service statues and regulations. *See Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). Moreover, "[f]ederal regulations have no less pre-emptive effect than federal statutes." *Fid. Fed. Sav. & Loan Ass'n v. de law Cuesta*, 458 U.S. 141, 153 (1982). Accordingly, the FMCSR provides another basis for preemption of California's meal and break laws and, thus, another basis for removal under federal question jurisdiction. *See* 28 U.S.C. § 1441(a).

## IV. NOTICE TO PLAINTIFF AND THE STATE COURT

43. As required by 28 U.S.C. § 1446(d), RTC has provided written notice of the filing of this Notice of Removal to Plaintiffs, who has filed this Complaint. A copy of RTC's Notice to Adverse Party of Removal to Federal Court is attached as Exhibit F.

44. RTC also filed this Notice of Removal with the Clerk of the Tulare County Superior Court. A copy of the Notice to State Court of Removal of Civil Action to Federal Court is attached as Exhibit G.

45. Finally, as counsel for all three Defendants, both KCTL and Ruan, Incorporated have joined RTC in the removal of this action to federal court.

WHERFORE, pursuant to 28 U.S.C. §§ 1332(d), 1441(a) and 1446, RTC removes this case from the Superior Court of the State of California, County of Tulare, to the United States Court for the Eastern District of California.

Dated: July 23, 2013

LITTLER MENDELSON, P.C.

By: ***/s/ Richard H. Rahm***
RICHARD H. RAHM
MATTHEW E. FARMER
ELISABETH TIETJEN
PATRICK T. BYRNE
Attorneys for Defendants
RUAN INCORPORATED; KINGS COUNTY TRUCK LINES, INC.; RUAN TRANSPORT CORPORATION

Firmwide:122099799.1 052815.1048

# Exhibit A

FILED BY FAX
ALAMEDA COUNTY
October 10, 2008
CLERK OF THE SUPERIOR COURT
By Rosanne Case, Deputy
CASE NUMBER:
RG08414569

LAW OFFICES OF
WAGNER & JONES LLP
Andrew B. Jones, #076915
Nicholas Wagner, #109455
Daniel M. Kopfman, #192191
1111 East Herndon, Suite 317
Fresno, California 93720
559/449-1800

Attorney for Plaintiffs KEVIN WILLIAMS, DAVID YOUNG, SCOTT ROWE, and RON CABRERA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| KEVIN WILLIAMS, DAVID YOUNG, SCOTT ROWE, and RON CABRERA,<br><br>Plaintiffs,<br><br>vs.<br><br>RUAN, INCORPORATED, KINGS COUNTY TRUCK LINES, INC., and DOES 1-50, inclusive,<br><br>Defendants.<br>_______________/ | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**1. VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512 AND SECTION 11 OF THE INDUSTRIAL WELFARE COMMISSION WAGE ORDERS. (FAILURE TO PROVIDE A MEAL PERIOD.)**<br>**2. VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512 AND SECTION 12 OF THE INDUSTRIAL WELFARE COMMISSION WAGE ORDERS. (FAILURE TO PROVIDE A REST PERIOD.)**<br>**3. VIOLATION OF LABOR CODE 203 (FAILURE TO PAY WAGES DUE AND OWING UPON TERMINATION OF EMPLOYMENT.)**<br>**4. VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.**<br>**5. FAILURE TO PAY WAGES DUE AND OWING (CA LABOR CODE 510)**<br>**6. FAILURE TO PAY WAGES DUE AND OWING (CA LABOR CODE 512)**<br>**7. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (Ca. Labor Code 226)**<br>**8. FAILURE TO PAY MINIMUM WAGE**<br><br>**JURY TRIAL DEMANDED** |

I

**GENERAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION**

Representative Plaintiffs, KEVIN WILLIAMS, DAVID YOUNG, SCOTT ROWE, and RON CABRERA, bring this challenge to Defendants lucrative, repressive and unlawful business practices on behalf of themselves and on behalf of all other members of the general public similarly situated, and hereby allege and state as follows:

1. This is a class action brought against Defendants, and each of them, on behalf of a collective class of all persons employed by Defendants, and each of them, in the position of "Driver" in the State of California (or persons with the equivalent position however titled) who were not provided meal and rest periods and who were not paid wages pursuant to California law prior and subsequent to the date this action was filed.

2. This action alleges that Defendants, and each of them: (1) improperly and in violation of California state law failed to pay wages and penalties due and owing to its "Drivers" in violation of California Labor Code sections 201, 202, 203, 226.7, and 512, and sections 11, and 12 of the applicable California Industrial Welfare Commission Orders; and, (2) violated California Business and Professions Code 17200, et. seq., all in conscious disregard of the Plaintiffs' and the Class members' rights, entitling Plaintiffs and the Class to an award of punitive damages.

3. This action seeks relief for the unremedied violations of California law including, inter alia:

(a) damages and/or restitution, as appropriate, to Plaintiffs and to the Class Members, who have not been paid wages as required by California law and/or whose

records of hours worked have not been maintained or furnished, have been inaccurately maintained or have been altered or destroyed, including exemplary damage where and if appropriate;

(b) an order requiring disgorgement from Defendants, and each of them, of all monies wrongfully withheld, including interest, as a result of the practices alleged herein;

©) implementation of other equitable and injunctive relief, including inter alia, an injunction prohibiting Defendants, and each of them, from (1) failing to pay wages to "Drivers" as required under California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders;

(d) interest;

(e) attorney fees and costs as provided by statute and/or applicable case law including California Labor Code sections 218.5 and 1194;

(f) such other relief as the court deems just and proper.

4. This class-action lawsuit for damages and equitable relief is founded exclusively upon California state law including, but not limited to, violations of provisions of the California Labor Code, Industrial Welfare Commission Orders, and the California Business and Professions Code.

5. Venue is proper in Alameda County because Defendants own and operate business facilities in Alameda County, and other counties in the State of California, where Defendants have failed to pay Plaintiffs and Class Members wages in violation of California law. Plaintiffs and the Class Members have suffered damages in Alameda County and will continue to suffer damages in Alameda County the same harm as the Representative Plaintiffs as a result of Defendants, and each of their wrongful conduct unless the relief requested herein is granted.

6. Defendants, and each of them, at all relevant times

herein are corporations duly organized and existing as entities under and by virtue of law, authorized to do and doing business in the County of Alameda, and the State of California.

7. Plaintiffs and Class Members were and are employed as "Drivers" (or the equivalent) by Defendants, and each of them, and work in Alameda County, and various other counties in the State of California.

8. Plaintiff, KEVIN WILLIAMS, is a citizen of the State of California, resident of Tulare County, California. Plaintiff, KEVIN WILLIAMS, has been employed by Defendants, and each of them, as a Driver from approximately February, 1977 to the present. He brings this action in his individual capacity on behalf of himself, and on behalf of all other "Drivers" similarly situated pursuant to California Code of Civil Procedure section 382, California Business and Professions Code 17200 et. seq.

9. Plaintiff, DAVID YOUNG, is a citizen of the State of California and a resident of Tulare County, California. Plaintiff, DAVID YOUNG, has been employed by Defendants, and each of them, as a "Driver" from approximately July, 1990 to the present. He brings this action in his individual capacity on behalf of himself, and on behalf of all other "Drivers" similarly situated pursuant to California Code of Civil Procedure section 382 and California Business and Professions Code 17200 et. seq.

10. Plaintiff, SCOTT ROWE, is a citizen of the State of California and a resident of Tulare County, California and has been employed by Defendants, and each of them, as a "Driver" from approximately April, 1998 to the present. He brings this action in his individual capacity on behalf of himself, and on behalf of all

other "Drivers" similarly situated pursuant to California Code of Civil Procedure section 382 and California Business and Professions Code 17200 et. seq.

11. Plaintiff, RON CABRERA, is a citizen of the State of California and a resident of Tulare County, California and has been employed by Defendants, and each of them, as a "Driver" from approximately June, 2005, to the present. He brings this action in his individual capacity on behalf of himself, and on behalf of all other "Drivers" similarly situated pursuant to California Code of Civil Procedure section 382 and California Business and Professions Code 17200 et. seq.

12. Plaintiffs are informed and believe and thereupon allege that Defendants, and each of them, are at all time relevant hereto, persons, residing in the County of Alameda, State of California. Plaintiffs are further informed and believe and thereupon allege that at all relevant times herein such DOE 1-20 Defendants, were managing agents of Defendants, and each of them, with policy making authority to set wages, hire, fire, discipline employees, and with supervisory control over Plaintiffs and Class members.

13. The true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs, who therefore sues such Defendants by their fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiffs are informed and believe that each of the Doe Defendants are liable to Plaintiffs under the same theories and causes of action as set forth in this complaint. Plaintiffs are informed and believe and

thereon allege that the DOE Defendants are California residents. Plaintiffs will amend this complaint to show such true names and capacities when the same have been ascertained.

14. Plaintiffs are informed and believe and thereon allege that each of the Defendants identified herein was at all times relevant hereto the agent, employee, servant, representative or alter ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such relationship.

15. At all times mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuit of, said joint venture, partnership and common enterprise.

16. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants and proximately caused the damages as alleged herein.

17. Defendants, and each of them, through their agents and employees (not including the Plaintiffs, members of the "Collective Class", or "Class-Action Class" (members)), established and carried out a policy which violated California Labor Code sections 201, 202, 203, 226.7 and 512, and Subsections 11, and 12 of the applicable Industrial Welfare Commission Orders in that Plaintiffs, members of the Collective Class, and Class-Action Class members were not paid wages according to California law for hours that they were required to work including, but not

limited to, hours devoted to the following: (1) work during their statutory lunch or break periods; and (2) work during which Defendants, and each of them, automatically deducted 30 minutes or more from their daily hours worked.

18. As a result of the actions of Defendants, and each of them, Plaintiffs, members of the Collective Class, and Class-Action Class members suffered damages, including, but not limited to, lost pay, wages, benefits, vacation pay, and interest.

19. These violations of law were committed knowingly and willfully by Defendants, and each of them, with full knowledge of the required laws cited herein.

20. The actions of Defendants, and each of them, were therefore fraudulent, malicious, and oppressive and as such Plaintiffs, the Collective Class and the Class-Action Class members are entitled to an award of punitive damages by way of example and deterrence.

21. The duties and responsibilities of the "Drivers" are virtually identical from region to region, area to area, store to store and employee to employee within the State of California. Further, any variation in job activities between the different individuals are legally insignificant to the issues presented by this action since the central facts remain, to wit, Plaintiffs and the Representative Class and Class-Action Class Members performed nonexempt work for which they have never been paid the wages earned as required by California law.

22. Some of the Class Members were involuntarily discharged by Defendants, constructively terminated or voluntarily terminated their employment, and did not receive all pay due and owing at the

time their employment with Defendants, and each of the, was terminated. Defendants, in violation of California Labor Code sections 203 had a consistent uniform policy, practice and procedure of willfully failing to pay the earned and wages of all such former employees. The Defendants willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, meal time, break time, and time devoted to work which Defendants, and each of them, automatically deducted from their daily hours worked. The Defendants willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, timely payment of accrued vacation on termination of employment. Members of the Collective Class and members of the Class-Action Class did not secret or absent themselves from Defendants nor did they refuse to accept the earned but unpaid wages from Defendants. Accordingly, Defendants are liable for waiting time penalties for the unpaid wages pursuant to California Labor Code sections 201, 202, and 203.

II

**CLASS ACTION ALLEGATIONS**

23. This complaint is brought by Representative Plaintiffs, KEVIN WILLIAMS, DAVID YOUNG, SCOTT ROWE, and RON CABRERA, pursuant to California Code of Civil Procedure section 382 on behalf of the Class. All claims alleged herein arise exclusively under California law for which Representative Plaintiffs seek the relief authorized under California law. The class is comprised of, and defined as, all current and former California-based, "Drivers" or persons in an equivalent position or performing equivalent job duties however titled, who worked and/or are working for

Defendants, and each of them, within four years prior to the filing of the original Complaint in this action up to and including the resolution of this action, yet were not paid wages in violation of California Labor Code sections 201, 202, 203, 226.7, 512 and subsections 11, and 12 of the applicable Industrial Welfare Commission Orders.

24. The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of each members of the Class is readily ascertainable by review of Defendant's own business records, including but not limited to, records required by subsection 7 of the applicable Industrial Welfare Commission Orders and California Labor Code sections 1174. Further, the subject matter of this action both as to factual matters and as to matters of law, is such that there are questions of law and fact common to the Class which predominate over questions affecting only individual members.

25. The California Labor Code and Industrial Welfare Commission Wage Order provisions upon which Representative Plaintiffs base their claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Representative Plaintiff and the Class make the class action format a particularly efficient and appropriate procedure to redress the

wrongs alleged herein. Further, this case involves a large corporate employer and a large number of individual employees with many relatively small claims. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Plaintiff and Class member with its vastly superior financial and legal resources. Requiring each member of the Class to pursue an individual remedy and would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at their current or subsequent employment.

26. The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (2) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

27. Such a pattern, practice and uniform administration of corporate policy regarding employee compensation as described

herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the Class, in a civil action, for the unpaid balance of the full amount of the pay, including interest thereon, waiting time penalties, reasonable attorney's fees and costs of suit according to the mandates of California Labor Code sections 218.5 and 1194.

28. Proof of a common business practice or pattern, of which the named Plaintiffs experienced are representative and will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

29. The Class is entitled in common to a specific fund with respect to the wages illegally and unfairly retained by Defendants. The Class is entitled in common to restitution and disgorgement of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions that may affect individual Class Members, including the following:

...

(a) whether Drivers received pay due and owing pursuant to California Labor Code sections 201, 202, 203, 226.7, 512, and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders;

(b) whether Defendants implemented and engaged in a systematic business practice of failing to pay "Drivers" wages according to California law for all hours worked or whether Defendants automatically deducted 30 minutes or more from each "Drivers' daily hours worked;

©) whether upon recognizing its legal obligation to pay wages pursuant to California law to members of the Class, Defendants paid all wages actually due;

(d) whether Defendants failed to keep, maintain or furnish accurate records of the actual hours worked by each Driver as required by subsection 7 of the applicable Industrial Welfare Commission Orders;

(e) whether Defendants failed to maintain any other records and/or other evidence relevant to the claims asserted in this litigation;

(f) whether Defendants willfully failed to pay all wages due and owing to all Drivers whose employment with Dependants was terminated;

(g) whether the systematic acts and practices of Defendants, and each of them, as alleged herein violated, inter alia, California Labor Code sections 201, 202, 203, 226.7, 512, sections 7, 11, and 12, of the applicable Industrial Welfare Commission Wage Orders, and California Business and Professions Code sections 17200, et seq.

31. Because the Representative Plaintiffs and other members of the Class-Action Class in the position of "Driver" routinely worked more than four hours without breaks and/or more than five hours without a lunch period as required by California Labor Code section 512 and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders and based upon the uniform duties and responsibilities required by Defendants, and each of them, and its uniform pay scheme for such employees, the Representative Plaintiffs's claims are typical of the claims of the entire Class.

32. The Representative Plaintiffs will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to the other members of the Class. The Representative Plaintiffs have retained counsel who are competent in the prosecution of class action litigation, and in overtime wage class action

litigation.

33. The Representative Plaintiffs and members of the Class have all similarly suffered irreparable harm and damages as a result of Defendants, and each of their, unlawful and wrongful conduct. Defendants' systematic failure to retain accurate records of hours worked by each "Driver" as required by law makes Class treatment especially appropriate. This action will provide substantial benefits to both the Class and the public since, absent this action, Defendants' unlawful conduct will continue unremedied and uncorrected.

///

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code section 512 and section 11 of the applicable Industrial Welfare Commission Wage Order.)**

(Against All Defendants)

34. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. California Labor Code sections 512(a) provide as follows:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes. Except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

36. Section 11 of the applicable Industrial Welfare

Commission Wage Order provides as follows:

> "(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.
>
> (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.
>
> ©) unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may in writing, revoke the agreement at any time.
>
> (D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

37. California Labor Code section 226.7 provides:

> "(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

38. It was and continues to be Defendants', and each of their, systematic business policy and practice work Plaintiffs, members of the Representative Class, and members of the Class-Action Class more than five hours per day without an off-duty 30

minute meal period as required by California Labor Code section 512 and section 11 of the applicable Industrial Welfare Commission Wage Order.

39. Furthermore, Plaintiffs, members of the Representative Class, and members of the Class-Action Class have not waived their right to a 30 minute meal period by mutual consent.

40. In addition, it was and continues to be Defendants', and each of their, systematic business policy and practice not to compensate the Plaintiffs, members of the Representative Class or Class-Action Class members with the pay due and owing as required by California Labor Code sections 226.7, and subsection 11 of the applicable Industrial Welfare Commission Orders (i.e., one hour of pay per day per lunch period at the employee's regular rate of compensation).

41. Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to California Labor Code section 226.7 and subsection 11 of the applicable Industrial Welfare Commission Orders.

42. In failing to compensate Plaintiffs and the Class Members the pay due and owing pursuant to Labor Code sections 226.7 and subsection 11 of the applicable Industrial Welfare Commission Orders as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to pay due and owing.

Consequently, Plaintiffs and the members of the Representative Class, and the Class-Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.

43. Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

## SECOND CAUSE OF ACTION

**(Violation of California Labor Code section 512 and section 12 of the applicable Industrial Welfare Commission Wage Order.)**

(Against All Defendants)

44. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. Section 12 of the applicable Industrial Welfare Commission Wage Order provides as follows:

> "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorised for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction for wages.
>
> (B) if an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one(1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

46. It was and continues to be Defendants', and each of their, systematic business policy and practice work Plaintiffs,

members of the Representative Class, and members of the Class-Action Class members more than three and one half (3 ½) hours per day without a ten (10) minute rest period as required by California Labor Code section 512 and section 12 of the applicable Industrial Welfare Commission Wage Order.

47. In addition, it was and continues to be Defendants', and each of their, systematic business policy and practice not to compensate the Plaintiffs, members of the Representative Class or Class-Action Class with the pay due and owing as required by California Labor Code sections 226.7, and subsection 12 of the applicable Industrial Welfare Commission Orders (i.e., one hour of pay per day per rest period at the employee's regular rate of compensation).

48. Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to California Labor Code section 226.7 and subsection 12 of the applicable Industrial Welfare Commission Orders.

49. In failing to compensate Plaintiffs and the Class Members the pay due and owing pursuant to Ca. Labor Code sections 226.7 and subsection 12 of the applicable Industrial Welfare Commission Orders as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to pay due and owing. Consequently, Plaintiffs and the members of the Representative

Class, and the Class-Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.

50. Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code Section 201, 202, and 203)**

(Against All Defendants)

51. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. California Labor Code section 201 provides in pertinent part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately ..."

53. California Labor Code section 202 provides in pertinent part: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

54. California Labor Code section 203 provides in pertinent part:

> "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or quit, the wages of the employee shall

> continue as a penalty from the due date the of at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.
> Suit may be filed for these penalties at any time before the expiration of the statue of limitations on an action for the wages from which the penalties arises."

55. Plaintiffs and Class Members identified herein were discharged by Defendants and/or voluntarily quit. The Defendants, in violation of California Labor Code sections 203, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages or accrued vacation of all such former employees as described herein. Plaintiffs and Class Members did not secret or absent themselves from Defendants nor refuse to accept the earned and unpaid wages from Defendants. Accordingly, Defendants are liable for waiting time penalties for the unpaid wages pursuant to California Labor Code sections 203.

56. In addition to the penalties imposed by California Labor Code section 203, Defendants, and each of them are liable for the penalties imposed by subsection 20 of the applicable Industrial Welfare Commission Orders which provides in relevant part as follows:

> (a) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to violate, the provisions of this order, shall be subject to the civil penalty of: (1) Initial Violation - $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages. (2) Subsequent Violations - $100.00 for each underpaid employee for each pay period during which the employee was underpaid

in addition to an amount which is sufficient to recover unpaid wages.

57. Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to California Labor Code section 203 and section 20 of the applicable Industrial Welfare Commission Orders.

58. In failing to compensate Plaintiffs and the Class Members the pay due and owing pursuant to Ca. Labor Code section 203 as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to pay due and owing. Consequently, Plaintiffs and the members of the Representative Class, and the Class-Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.

59. Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

**FOURTH CAUSE OF ACTION**
**(Violation of Business and Professions Code 17200 et seq.)**
(Against all Defendants)

60. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. Defendants, and each of them, have engaged and continue to engage in unfair business practices in California by

practicing, employing and utilizing the employment policy of failing to pay Plaintiffs, members of the Representative Class and members of the Class-Action Class employment compensation as required by the California law cited herein above. Defendants', and each of their, utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

62. Plaintiffs seek on their own behalf, on behalf of the Representative Class, and on behalf of the general public, full restitution and disgorgement of all employment compensation wrongfully withheld, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair and/or unlawful practices complained of herein. The restitution and disgorgement requested includes all wages earned and unpaid, including interest thereon. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the Complaint in this action and continue to the present.

63. Plaintiffs are informed and believe and on that basis allege that at all times herein mentioned Defendants, and each of them, have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code 17200 et seq., by depriving Plaintiffs and the members of the Representative Class of the minimum working condition standards due to them under the California Labor Code and Industrial Welfare Commission wage orders as identified herein.

64. Business and Professions Code 17200, et seq., prohibits

acts of unfair competition which shall mean and include any unlawful, unfair or fraudulent business act or practice. Under California law, wages unlawfully withheld from an employee constitutes an unfair business act entitling the Plaintiffs and the members of the Representative Class to a restitution remedy authorized by section 17203. Plaintiffs, the representative class, and the general public are therefore entitled to the relief requested below.

**FIFTH CAUSE OF ACTION**

**(Failure to Pay Wages Due And Owing. California Labor Code section 510 and subsection 3 of the applicable Industrial Welfare Commission Orders)**

65. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. California Labor Code 510 and subsection 3 of the applicable Industrial Welfare Commission Orders provide in relevant part as follows:

> (a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of not less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of not less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of not less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

67. California Labor Code 514 and subsection 3 of the

applicable Industrial Welfare Commission Orders provides an exception to the overtime provisions of California Labor Code 510 in relevant part as follows:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than thirty percent more than the state minimum wage.

68. This cause of action for payment of overtime pursuant to California Labor Code section 510 and subsection 3 of the applicable Industrial Welfare Commission Orders is brought on behalf of Plaintiffs, Representative Class Members and members of the Class-Action Class who are not exempt by operation of California Labor Code 514 and the corresponding language in subsection 3 of the applicable Industrial Welfare Commission Orders.

69. During all relevant periods, Defendants, and each of them, suffered or permitted Plaintiffs, members of the Representative Class and Class-Action Class Members to work in excess of eight (8) hours per day and to work in excess of forty (40) hours per week.

70. During all relevant periods, Defendants, and each of them, suffered or permitted Plaintiffs, the members of the Representative Class and the members of the Class-Action Class to work up to fourteen hours per day without a lunch or break period.

71. However, Defendants, and each of them, had and continue to have a systematic business policy of deducting thirty (30) minutes from the total time each driver worked each

day and refuse to pay them for the thirty (30) minutes the drivers were required to devote to work instead of a daily lunch period.

72. Since Defendants, and each of them, deduct the thirty (30) minutes from the total hours worked by each driver each day, Defendants, and each of them, have willfully failed and continue to fail to pay Plaintiffs, members of the Representative Class and Class-Action Class Members, who are not exempt by operation of California Labor Code section 514 and the corresponding language in subsection 3 of the applicable Industrial Welfare Commission Orders, 2.5 hours of overtime for each five day work week and 3.0 hours of overtime for each six day work.

73. Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to pay Plaintiffs and Class Members the pay they are owed.

74. In failing to compensate Plaintiffs and the Class Members for the wages due and owing pursuant to California Labor Code section 510 as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to overtime compensation. Consequently, Plaintiffs and the members of the Class-Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.

75. Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

**SIXTH CAUSE OF ACTION**

**(Failure To Pay Wages Due And Owing. California Labor Code 226.7, 512 And Subsections 11 And 12 of the applicable Industrial Welfare Commission Orders.)**

76. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77. California Labor Code section 512 and subsection 11 of the applicable Industrial Welfare Commission Orders provide in relevant part:

> (a) An employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than 30 minutes, ...
>
> (b) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, ...
>
> (c) Unless the employee is relieved of all duty during the 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked...
>
> (d) if an employer fails to provide an employee a meal period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

78. Subsection 12 of the applicable Industrial Welfare Commission Orders provides:

> (a) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or

major fraction thereof.

(b) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

79. It was and continues to be Defendants', and each of their, systematic business policy and practice to not allow Plaintiffs, the members of the Representative Class, Class-Action Class Members the meal periods and rest periods as required by California law. In addition, it was and continues to be Defendants', and each of their, systematic business policy and practice not to compensate the Plaintiffs, members of the Representative Class or Class-Action Class Members with the pay due and owing as required by California Labor Code section 512 and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders (i.e., one hour per day per lunch period and one hour per day for rest periods).

80. Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to California Labor Code section 512 and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders.

81. In failing to compensate Plaintiffs and the Class Members the pay due and owing pursuant to Ca. Labor Code section 512 and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders as alleged herein, Defendants, and each of them, acted maliciously, oppressively,

despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to pay due and owing. Consequently, Plaintiffs and the members of the Representative Class, and the Class-Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.

82. Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

## SEVENTH CAUSE OF ACTION

**(Failure To Provide Accurate Wage Statements. California Labor Code 226, And Subsections of the applicable Industrial Welfare Commission Orders.)**

83. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 82 of this Complaint as if fully set forth herein.

84. California Labor Code 226 provides:

> 226. Itemized statements; contents; records; inspection of records; compliance with inspection request;' limitation of application
>
> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an existing employee identification number other than asocial security number may be shown on the check, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer. The employer may take reasonable steps to assure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

©) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction. Impossibility of performance, not caused by or a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision. An employer may designate the person to whom a request under this subdivision will be made.

(d) This section does not apply to any employer of any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of the owner or occupant.

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one

hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision ©) entitles the current or former employee or the Labor Commissioner to recover a seven hundred fifty dollars ($750) penalty from the employer.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

85. Defendants have failed to maintain the records required by Labor Code §226. Consequently, it will be more difficult for Plaintiffs and Class Members to establish all actual hours worked for Defendant over the four years preceding the filing of this complaint. As a result, Plaintiffs and class members will incur additional attorney fees and costs and will be required to devote significantly more time to this litigation.

86. Accordingly, Plaintiffs and Class Members may be prejudiced in their ability to establish the total amount of their actual damages.

87. Therefore, Plaintiffs and Class Members seek the remedy set forth in California Labor Code §226(e).

**EIGHTH CAUSE OF ACTION**

**(Failure to Pay Minimum Wage As Required By Subsection 4 Of The Applicable Industrial Welfare Commission Orders.)**
**(Against DEFENDANTS, and Does 1-50.)**

88. Plaintiffs incorporate by reference the allegations

contained in Paragraphs 1 through 87 of this Complaint as if fully set forth herein.

89. Subsection 4 of the applicable Industrial Welfare Commission Orders provides in relevant part as follows:

> (a) Every employer shall pay to each employee wages not less than six dollars and twenty-five cents ($6.25) per hour for all hours worked, effective January 1, 2001, and not less than six dollars and seventy-five cents ($6.75) per hour for all hours worked, effective January 2002, ... (b) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

90. During all relevant periods, Defendants, and each of them, suffered or permitted Plaintiffs, members of the Representative Class and Class-Action Class Members to work in excess of eight (8) hours per day and to work in excess of forty (40) hours per week.

91. During all relevant periods, Defendants, and each of them, required Plaintiff, members of the Representative Class and Class-Action Class Members to work unpaid hours.

92. However, Defendants, and each of them, had and continue to have a systematic business policy and practice of refusing to pay them forall time they were required to devote to work.

93. Defendants, and each of them, have willfully failed and continue to fail to pay Plaintiffs, members of the Representative Class and Class-Action Class Members minimum wage.

94. It was and continues to be Defendants', and each of their, systematic business policy and practice to not pay

minimum wage as required by California law and as alleged herein.

95. Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to subsection 4 of the applicable Industrial Welfare Commission Orders.

96. In failing to compensate Plaintiffs and the Class Members the pay due and owing as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiff and the Class Members by reaping economic gain at Plaintiff's and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to receive pay due and owing. Consequently, Plaintiff, members of the Representative Class and Class-Action Class Members are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.

97. Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

**PLAINTIFFS REQUEST JURY TRIAL**

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment and relief as follows:

1. An Order certifying that the action may be maintained as a class action;

2. Compensatory and statutory damages, penalties and

restitution, as appropriate and available under each cause of action, in an amount to be proven at trial;

3. Exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code section 3294;

4. An Order imposing an asset freeze in constructive trust of Defendants, and each of their, ill-gotten gains, and enjoining Defendants from failing and refusing to disgorge all monies acquired by means of any act or practice declared by this Court to constitute unlawful, unfair or fraudulent acts or practices;

5. That Defendants be ordered to show cause why it should not be enjoined and ordered to comply the applicable California Industrial Welfare Commission Wage Orders related to payment of employment compensation and record keeping for Defendants' employees who are engaged in non-exempt work and work, without a meal or break period;

6. For a declaratory judgment and decree adjudging and decreeing that the Plaintiffs and the Class have meal periods and break periods for which they have not been paid in violation of California Law;

7. For restitution to Plaintiffs and other similarly affected members of the general public (and disgorgement from Defendants) of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the California Labor Code, Industrial Welfare Commission Orders, and California Business and Professions Code 17200 et seq.

8. For any and all profits, whether direct or indirect, Defendants acquired by its conversion of the Plaintiffs' and Class Members' wages;

9. For pre-judgment and post-judgment interest as allowed by California Labor Code sections 218.6 and 1194;

10. For reasonable attorney's fees, expenses and costs as provided by California Labor Code sections 218.5 and 1194; and

11. Such other and further relief as the Court deems just and proper.

DATED: October 9, 2008

LAW OFFICES OF
WAGNER & JONES LLP

By: ____________________
Andrew B. Jones
Daniel M. Kopfman,
Attorneys for
Plaintiffs

# Exhibit B

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FILED BY FAX
(SOLO PARA USO DE LA CORTE)
ALAMEDA COUNTY
October 10, 2008
CLERK OF THE SUPERIOR COURT
By Rosanne Case, Deputy
CASE NUMBER:
RG08414569

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
RUAN, INCORPORATED; KINGS COUNTY TRUCK LINES, INC., and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
KEVIN WILLIAMS, DAVID YOUNG, SCOTT ROWE and RON CABRERA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT

1225 Fallon Street
Oakland, CA 94612

CASE NUMBER: *(Número del Caso):* RG08414569

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew B. Jones, 076915 559/449-1800 559/449-0749
WAGNER & JONES LLP
1111 E. Herndon, Ste. 317
Fresno, CA 83720

DATE: *(Fecha)* OCT 1 0 2008 PAT S. SWEETEN Clerk, by *(Secretario)* [signature], Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA EUREKA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

# Exhibit C

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF TULARE | |
|---|---|
| **Williams, Kevin,**<br>Plaintiff/Petitioner,<br><br>vs.<br><br>**Ruan, Incorporated,**<br>Defendant/Respondent. | Jud. Officer: **Melinda M. Reed**<br>Clerk: **Kimberly Brase**<br>Bailiff: Eric Lemoine<br>CSR: **Sheryl Ribeiro**<br><br>Interpreter:<br>Language: |
| Minutes: **1) Motion Hearing To Determine**<br>Date: **April 29, 2013** | **Case No. VCU231325**<br>**Department 1**<br>Related Cases: |

Appearances:

☐ No appearances
☐ Party: _____
☐ Party: _____
☐ Other _____

☒ Attorney: Daniel Kopfman for Plaintiffs
☒ Attorney: Jason Borchers for Kings County Truck Lines and Ruan Transportation
☐ Attorney: _____

**Motions: (1) Motion by Defendant Ruan Transport Corporation to Set Aside Default Judgment (sic);**

**(2) Motion by Plaintiffs for Issuance of Class Notice**

Oral argument requested by Defendant

Arguments heard from Counsel.

**Order: The Court adopted the Tentative Ruling as the Order of the Court as follows:**

(1) To Grant the Motion by Defendant Ruan Transport Corporation (RTC) to set aside entry of default; to order that RTC's default entered on February 1, 2013, is vacated and set aside; and to order that RTC's proposed answer submitted with its moving papers (a general denial with affirmative defenses attached as Exhibit "C" to the supporting declaration of Jason H. Borchers) is deemed filed as of April 29, 2013;

(2) To Grant Plaintiff's Motion for Issuance of Class Notice and to approve Plaintiff's proposed form of notice with the modifications stated in Plaintiff's reply; to order Defendants to produce class member contact information within five days; to direct the firm of Simpluis, Inc. to conduct a change of address search for identified potential class members; and to direct Simpluis, Inc. to issue the approved class notice within five days of receipt of the class list.

The parties' requests for judicial notice are granted.

RTC initially claims that entry of default against it is void under Code of Civil Procedure section 473, subdivision (d), because Plaintiff failed to check the two boxes on the summons that showed RTC was served as a doe defendant, because the summons shows the action was filed in Alameda County, and because Plaintiff failed to seek leave to amend to add its true name. However, the court disagrees and finds that Plaintiffs' substantial compliance with sections 412.30 and 474 is sufficient to render service effective in these circumstances.

Under Gilbert v. Haller (2009) 179 Cal. App. 4th 852, 858 the purpose of the form of the summons used here is to facilitate compliance with section 474 which requires notice to the recipient being served that the person is being

sued under a fictitious name. Here, RTC's designated agent for service of process has submitted documentary proof that RTC was adequately served with the summons and complaint, doe amendment, and notice of the court in which the complaint was pending (See Exhibit B to Plaintiffs' Statement of Due Diligence filed April 16, 2013.) . Thus, under Cory v. Crocker Nat'l Bank (1981) 123 Cal. App. 3d 665 the court finds Plaintiff has substantially complied with the code so as to render the service effective.

As to Plaintiffs' failure to seek leave of court to add RTC's true name, the court determines that Plaintiffs' failure to include a proposed order with the doe amendment naming RTC filed on November 12, 2009, is a procedural deficiency, and the court declines to find it fatal to Plaintiffs' amendment. (See Brock v. Martinovich (1880) 55 Cal. 516.)

Notwithstanding the above, RTC also seeks relief under section 473, subdivision (b), within 180 days of entry of default based upon a claim of attorney mistake. RTC's attorney has sufficiently alleged his belief that service was not adequate and why he did not answer the complaint. Thus, relief is mandatory under these circumstances and the motion will be granted to enable RTC to appear in these proceedings. However, since RTC has been aware of these proceedings and its counsel has actively defended the action on behalf of related Ruan entities, the court finds no further notice is necessary of Plaintiffs' motion for class certification and/or issuance of class notice.

As to Plaintiffs' request for issuance of the class notice, the Ruan Defendants' objections to the proposed class notice are overruled. Under the circumstances presented, the notice period (20 days) is adequate. The court finds that the notice adequately describes the parties and the claims which are included in this action.

If no one requests oral argument, under Code of Civil Procedure section 1019.5, subdivision (a), and California Rules of Court, rule 3.1312(a), no further written order is necessary. The minute order adopting this tentative ruling will become the order of the court and service by the clerk will constitute notice of the order.

Clerk to provide notice to both side by mail as notice not waived by either party.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF TULARE**
**Visalia Division**
**County Civic Center, Room 201**
**Visalia, CA 93291-4593**

| | |
|---|---|
| **Williams, Kevin**<br>Plaintiff/Petitioner,<br><br>vs.<br><br>**Ruan, Incorporated**<br>Defendant/Respondent. | Case No. **VCU231325** |

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

I certify that I am not a party to this cause.

I certify that I placed the Minute Order dated April 29, 2013 for collection and mailing on the date shown, so as to cause it to be mailed in a sealed envelope with postage fully prepaid on that date following standard court practices to the persons and addresses shown. The mailing and this certification occurred at Visalia, California on April 29, 2013.

**LARAYNE CLEEK, CLERK OF THE SUPERIOR COURT, COUNTY OF TULARE**

**By** Kimberly Brose
Deputy Clerk

Names and Mailing Address of Persons Served:

Daniel Kopfman
Law Offices of Wagner & Jones LLP
1111 E Herndon, Ste 317
Fresno, CA 93720

Jason Borchers
Littler Mendelson
A Professional Corporation
5200 North Palm Avenue, Suite 302
Fresno, CA 93704-2225

# Exhibit D

IN THE

**COURT OF APPEAL OF THE STATE OF CALIFORNIA**

IN AND FOR THE

**FIFTH APPELLATE DISTRICT**

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED

MAY 10 2013

By ______ Deputy

| | |
|---|---|
| RUAN TRANSPORT CORPORATION,<br>Petitioner,<br>v.<br>THE SUPERIOR COURT OF TULARE COUNTY,<br>Respondent;<br>KEVIN WILLIAMS et al.,<br>Real Parties in Interest. | F067169<br>(Tulare Sup. Ct. No. VCU 09-231325)<br>**ORDER** |

**BY THE COURT:***

That portion of the order filed on April 29, 2013, in Fresno County Superior Court action number VCU 09-231325, which directs petitioner "to produce class member contact information within five days" is stayed pending determination of this petition or further order of the court.

Petitioner is directed to file on or before seven days from the date of this order an informal supplemental letter brief on the following issues:

1. Why did petitioner's filing of a response to the interrogatories not constitute a general appearance despite petitioner's disclaimers that it constituted only a special appearance challenging the superior court's personal jurisdiction over

* Before Hill, P.J., Kane, J., and Peña, J.

petitioner? (2 Witkin, Cal. Procedure (2008) Jurisdiction, §§ 207, 212; Petition, exh. 8, pp. 0128-0129, 0199 et seq.)

2. Why did petitioner's request that, if its motion filed on February 7, 2013, was denied, its answer be filed, and the superior court's order deeming the answer to be filed on April 29, 2013, not constitute a general appearance despite its general disclaimers that it was only a special appearance challenging the superior court's personal jurisdiction over petitioner? (2 Witkin, Cal. Procedure (2008) Jurisdiction, §§ 207, 222; Petition, exh. 8, p. 0130.)

3. Is Code of Civil Procedure section 418.10, subdivision (e), inapplicable because petitioner did not "make a motion under this section"?

__________________________ P.J.

# Exhibit E

IN THE

**COURT OF APPEAL OF THE STATE OF CALIFORNIA**

IN AND FOR THE

**FIFTH APPELLATE DISTRICT**

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED

JUL 3 2013

By ________________
Deputy

RUAN TRANSPORT CORPORATION,

Petitioner,

v.

THE SUPERIOR COURT OF TULARE COUNTY,

Respondent;

KEVIN WILLIAMS et al.,

Real Parties in Interest.

F067169

(Tulare Sup. Ct. No. VCU 09-231325)

**ORDER**

**BY THE COURT:***

The "Petition for Writ of Mandate ...," filed on May 8, 2013, is denied.

The "Request for Emergency Relief" and "Request for Conference ..." are denied. (*New West Fed. Savings & Loan Assn. v. Superior Court* (1990) 223 Cal.App.3d 1145, 1156; 6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 405.)

Pursuant to petitioner's agreement filed on June 13, 2013, the order filed on May 10, 2013, in the above entitled action is modified as follows:

1. In the first line of the first paragraph, the word "That" is deleted and the words "The trial and that" are inserted in its place, and in the third line

---

* Before Levy, A.P.J., Detjen, J., and Peña, J.

of that paragraph the word "is" is deleted and the word "are" is inserted in its place, so that the sentence reads as follows:

The trial and that portion of the order filed on April 29, 2013, in Fresno County Superior Court action number VCU 09-231325, which directs petitioner "to produce class member contact information within five days" is stayed pending determination of this petition or further order of the court.

_______________ Acting P.J.

# Exhibit F

RICHARD H. RAHM, Bar No. 130728
MATTHEW E. FARMER, Bar No. 190484
ELISABETH F. TIETJEN, Bar No. 258704
PATRICK T. BYRNE, Bar No. 279459
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, California 93704.2225
Telephone: 559.244.7500
Facsimile: 559.244.7525

Attorneys for Defendants
RUAN, INCORPORATED; KINGS COUNTY TRUCK LINES, INC.; RUAN TRANSPORT CORPORATION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF TULARE

KEVIN WILLIAMS, DAVID YOUNG, SCOTT ROWE AND RON CABRERA,

Plaintiff,

v.

RUAN, INCORPORATED, KINGS COUNTY TRUCK LINES, INC., and DOES 1-50, inclusive,

Defendant.

Case No. VCU 09-231325

**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE THAT** on July 23, 2013, after filing its Answer to Plaintiffs' Complaint, Defendant RUAN TRANSPORT CORPORATION ("Defendant") filed a Notice of Removal pursuant to 28 U.S.C. sections 1332(d) and 1441(a) in the United States District Court for the Eastern District of California. Defendant attaches hereto, as Exhibit A, a true and correct copy of the Notice of Removal.

Dated: July 23, 2013

RICHARD H. RAHM
MATTHEW E. FARMER
ELISABETH F. TIETJEN
LITTLER MENDELSON, P.C.
Attorneys for Defendants
RUAN TRANSPORT CORPORATE, RUAN, INCORPORATED, KING COUNTY TRUCK LINES, INC.

Firmwide:121947674.1 052815.1048

# Exhibit G

RICHARD H. RAHM, Bar No. 130728
MATTHEW E. FARMER, Bar No. 190484
ELISABETH F. TIETJEN, Bar No. 258704
PATRICK T. BYRNE, Bar No. 279459
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, California 93704.2225
Telephone: 559.244.7500
Facsimile: 559.244.7525

Attorneys for Defendants
RUAN, INCORPORATED; KINGS COUNTY TRUCK LINES, INC.; RUAN TRANSPORT CORPORATION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF TULARE

KEVIN WILLIAMS, DAVID YOUNG, SCOTT ROWE AND RON CABRERA,

Plaintiff,

v.

RUAN, INCORPORATED, KINGS COUNTY TRUCK LINES, INC., and DOES 1-50, inclusive,

Defendant.

Case No. VCU 09-231325

**NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

**PLEASE TAKE NOTICE** that on July 23, 2013, the above-captioned matter was removed from the Superior Court of the State of California, County of Tulare, where it was previously pending, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 1332(d) and 1441(a). A copy of the Notice of Removal filed by Defendant RUAN TRANSPORT CORPORATION ("Defendant") is attached hereto as Exhibit "A."

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(d), the filing of a Notice of Removal in the United States District Court, together with the filing of a copy of a Notice of Filing Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the case is remanded.

Dated: July 23, 2013

RICHARD H. RAHM
MATTHEW E. FARMER
ELISABETH F. TIETJEN
LITTLER MENDELSON, P.C.
Attorneys for Defendants
RUAN, INCORPORATED, KING COUNTY TRUCK LINES, INC., RUAN TRANSPORT CORPORATION

Firmwide:121947771.1 052815.1048