# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WILLIAMS, et al., | Case No. 1:13-cv-01157-LJO-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFFS' MOTION TO REMAND AND MOTION FOR ATTORNEY FEES |
| v. | |
| RUAN TRANSPORT CORPORATION, et al., | (ECF Nos. 9, 10, 11, 17, 18, 19, 21) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## INTRODUCTION

This class action was filed on October 10, 2008, in Alameda County Superior Court. On February 3, 2009, the action was transferred to Tulare County Superior Court. On July 23, 2013, Defendant Ruan Transport Corporation ("RTC") removed this action to the Eastern District of California. Plaintiffs filed a motion to remand on August 19, 2013. On September 4, 2013, Defendants filed an opposition to the motion to remand and request for judicial notice. Plaintiffs filed a reply on September 11, 2013.

The Court heard oral arguments on September 18, 2013. Counsel Lawrence Artenian appeared for Plaintiffs, and Counsel Ellen Bronchetti appeared for Defendant. Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, arguments

presented at the September 18, 2013 hearing, as well as the Court's file, the Court issues the following findings and recommendation.

## II.

## PROCEDURAL HISTORY

Plaintiffs filed this action against Defendants Ruan, Inc., Kings County Truck Lines ("KCTL") and Does 1-50 on October 10, 2008, in Alameda County Superior Court alleging failure to provide meal and rest periods, failure to pay wages upon termination of employment, failure to provide accurate wage statements, and failure to pay minimum wages in violation of the California Labor Code; and engaging in unfair business practices in violation of the California Business and Professions Code. (Notice of Removal 18-50,[1] ECF No. 2.) Defendants Ruan Inc. and KCTL were served on October 21, 2008. (Proof of Service of Summons 2-6, attached as Exhibit A to Dec. of Daniel Kopfman, ECF No. 11-1.) Defendant Ruan, Inc. filed an answer on November 19, 2008. (ECF No. 2 at 3.) On February 3, 2009, the action was transferred to Tulare County Superior Court. Defendant KCTL answered on February 11, 2009. (Id. at 3.)

On November 12, 2009, Plaintiffs filed a Doe amendment substituting Defendant RTC for one of the Doe defendants. (ECF No. 11-2.) On December 3, 2009, Plaintiffs served Defendant RTC. (ECF No. 11-3.) Defendant RTC contends that in turn they notified Plaintiffs that service of process was improper. (ECF No. 2 at 3.) On December 30, 2009, Plaintiffs and Defendant RTC stipulated to an extension of time until January 19, 2010, for Defendant RTC to respond to the naming of the Doe defendant. (ECF No. 11-5 at 2.)

On February 1, 2013, Plaintiff filed a request for entry of default and default was entered against Defendant RTC. (ECF No. 11-12.) On February 11, 2013, Superior Court Judge Melinda Reed issued a tentative ruling on class notice and found that Defendant RTC had been served with the summons and complaint on December 3, 2009. (ECF No. 11-11.) On February 7, 2013, Defendant RTC moved to have the default set aside. (ECF No. 11-13.) On April 29, 2013, Judge

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

Reed heard the motion to set aside the default and ruled that service of the complaint substantially complied with California Civil Code Sections 412.30 and 474, service was effective and that, although there was a procedural deficiency in the proposed order naming the Doe defendant, it was not fatal. (ECF No. 11-14 at 2-3.) The Superior Court set aside the default and found that, since Defendant RTC was aware of the proceedings and its counsel had actively defended the action on behalf of the Ruan related entities, no further notice to Defendant RTC was necessary. (Id. at 3.)

On July 3, 2013, the Fifth Appellate District denied Defendant RTC's petition for a writ of mandate. (ECF No. 2 at 61-62.) On July 23, 2013, Defendant RTC removed this action to the Eastern District of California. (ECF No. 1.) On July 24, 2013, pursuant to the stipulation of the parties, the state trial date was vacated and the five year limitation on commence of trial in state court was extended. (ECF No. 11-15.)

Plaintiff filed a motion to remand on August 19, 2013. (ECF Nos. 9-11.) Defendants filed an opposition and request for judicial notice on September 4, 2013. (ECF Nos. 17, 18.) Plaintiffs filed a reply on September 11, 2013. (ECF No. 21.)

As discussed below, the Court finds that Defendant RTC's removal of this action was untimely and recommends that Plaintiffs' motion to remand be granted.

### III.

### LEGAL STANDARD

The federal statute governing the removal of proceeding from state to federal court begins at 28 U.S.C. § 1441, which states: "[a]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). The time period to file a notice of removal is governed by 28 U.S.C. § 1446(b). Under this section, a defendant may remove an action after thirty days in two circumstances: after the defendant receives the initial pleading setting forth a federal claim or during the first thirty days after receiving a paper "from which it may first be ascertained that the case is one which is or has

become removable." 28 U.S.C. § 1446(b)(1) and (3); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 692 (9th Cir. 2005).[2]  "The removal statute is strictly construed against removal jurisdiction."  Provincial Gov't of Marinduque, 582 F.3d at 1087.

## IV.

## DISCUSSION

Plaintiff contends that removal of this action is untimely as Defendant RTC was served with the summons and complaint on December 3, 2009, and this action was not removed within thirty days as required by 28 U.S.C. § 1446(b)(1).  (ECF No. 10 at 7.)  Defendant RTC contends that removal is timely because it was not until April 29, 2013 that the Superior Court held that Defendant RTC had been properly served.  (Def.'s Opp. to Pls.' Mot. for Remand 11, ECF No. 17.)

Defendant RTC argues that this Court has jurisdiction based upon three separate federal question grounds on the face of the complaint and its recent discovery that the Class Action Fairness Act ("CAFA") applies.[3]  (Id. at 7.)

### A. The Order Finding Service Proper Did Not Begin the Thirty-day Window to Remove

Defendant argues that because it thought service of the complaint was improper, it did not have notice that the action was removable until Judge Reed issued the order finding service proper.  It is Defendant RTC's contention that it was not required to remove this action until after Judge Reed issued the order finding that service of the complaint was proper because that was

---

[2] In this case, Defendant argues that since the two thirty-day windows were not triggered, it is able to remove on the basis of its own investigation. (ECF No. 17 at 11-14.)  In support, the Defendant cites Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013)("section 1441 and 1446, [ ], permit a defendant to remove outside the two thirty-day periods on the basis of its own information").  However, Roth only applies if removal has not "run afoul of either of the two thirty-day deadlines." Id.  As noted below, the analysis of Roth does not come into play here since Defendant's removal runs afoul of both sections 1441(b)(1) if the federal claims were apparent on the face of the complaint and 1441(b)(3) based upon "other paper" placing Defendant on notice that CAFA jurisdiction existed.

[3] Defendant alleges that federal jurisdiction is present on the face of the complaint based upon: 1) Labor Management Relations Act ("LMRA") preemption; 2) Federal Aviation Administration Authorization Act ("FAAAA") preemption; and 3) the new Hours of Service Regulations under the Federal Motor Carrier Safety Act ("FMCSA").  (ECF No. 17 at 7.)

4

when they were required to appear in the action. As noted, section 1446(b) provides only two windows in which to remove an action: 1) within thirty days from the receipt of the complaint upon which federal jurisdiction is apparent; or 2) within thirty days from the receipt of another paper "from which it may **first** be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(1) and (b)(3) (emphasis added). The "two periods specified in § 1441(b)(1) and (b)(3) operate as limitations on the right to removal rather than as authorizations to remove." Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1123 (9th Cir. 2013).

In arguing that removal is timely, Defendant RTC relies on that portion of 28 U.S.C. § 1446(b)(3) which states:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Defendant RTC contends that Judge Reed's April 29, 2013 order finding that service was proper was "other paper" which triggered the thirty-day window for it to remove the action to federal court. Although Defendant RTC argues the thirty-day window did not begin to run until after the State court determined that it had been properly served, no authority has been offered to support this position. In fact, authority exists to the contrary.

Section 1446 itself does not require effective service of the complaint and summons to start the thirty-day time clock. Rather, the statute provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the **receipt** by the defendant, **through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1) (emphasis added). Courts that have considered this issue have found that this does not require effective service of the complaint to start the thirty-day time period for removal. See Beckley, Singleton, DeLanoy, Jemison & List, Chartered v. Spademan, 694 F.Supp.769, 776-77 (D. Nev. 1988) (thirty-day time period began to run upon initial service of the complaint where motion to quash was successful);

5

Uhles v. F.W. Woolworth Co., 715 F.Supp. 297, 298 (C.D. Cal. 1989) (thirty-day statutory period runs upon receipt of initial pleadings regardless of the technicalities of state service of process laws); Tejada v. Sugar Foods Corp., No. 2:10-cv-05186- MMM (JEMx), 2010 WL 4256242, at *6 (C.D. Cal. Oct. 18, 2010) (service of complaint that technically complied with state law was effective service and defendant had thirty days to remove); Lopez v. Federal Nat. Mortg. Ass'n, No. 1:10-cv-01958-LJO-JLT, 2010 WL 4875701, at *1 (E.D. Cal. Nov. 22, 2010) (thirty-day period began to run even though service was defective as defendant received a copy of the complaint).  Simply put, section 1446(b) does not require *effective* service as the means of triggering the thirty–day removal period.

When service occurs prior to removal, whether a defendant has been properly served is governed by state law.  See Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011); Lee v City of Beaumont, 12 F.3d 993, 937 (9th Cir. 1993), overruled on other grounds by California Dep't of Water Resources v. Powerex Corp., 533 F.3d 1087 (9th Cir. 2008).  Here, Tulare County Superior Court Judge Reed ruled that Defendant RTC was properly served pursuant to California law on December 3, 2009, and therefore, this is the operative date for service.  Since section 1446(b) does not support Defendant RTC's interpretation that the removal clock in this case began to run when Judge Reed found service was proper, the Court will analyze whether the Defendant timely removed the action under either sections 1446(b)(1) or 1446(b)(3).

### B.  Defendant RTC Was Required to Remove By January 2, 2010 If Federal Jurisdiction Was Apparent on the Face of the Complaint

As noted, under section 1441(b)(1), a defendant may remove within thirty days from the receipt of the complaint upon which federal jurisdiction is apparent.  According to Defendant RTC's notice of removal, removal was based upon federal question jurisdiction which was apparent on the complaint's face. (ECF No. 17 at 18-24.)  If federal question jurisdiction was apparent on the face of the complaint, then Defendant RTC's removal of this action over three and one half years later was untimely since Defendant RTC had thirty days from the initial

pleading (the complaint) to remove the action.[4] 28 U.S.C. § 1446(b)(1). Defendant lost the opportunity to remove this action by failing to act within the thirty days required by statute. See 28 U.S.C. § 1446; Cantrell v. Great Republic, Ins. Co., 873 F.2d 1249, 1256 (9th Cir. 1989). "If a case is removable from the outset, it must be removed within the initial thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable'." Samaura v. Kaiser Foundation Health Plan, Inc., 715 F.Supp. 970, 972 (N.D. Cal. 1989) (quoting Hubbard v. Union Oil Co., 601 F.Supp. 790, 795 (S.D.W.Va. 1985)).

> The purpose of the 30-day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

Samura, 715 F.Supp. at 972 (quoting Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc., 668 F.2d 962, 965 (7th Cir. 1982)). As noted above, "service" under section 1441 is not determinative based upon a judicial finding of effective service.

While receipt of the complaint without any formal service would not be sufficient to start the thirty-day window, once Defendant RTC received the summons and complaint placing it on notice that it must participate in the action or forgo procedural and substantive rights the thirty-day time clock started.[5] Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Defendant RTC, as found by Judge Reed, was personally served on December 3, 2009, and this personal service was sufficient notice to start the thirty-day window to file the notice of removal. (ECF No. 11-3.) Therefore, because personal service was affected on December 3, 2009, if federal jurisdiction was evident from the face of the complaint then Defendant RTC was required to file the notice of removal by January 2, 2010. Since the notice of removal was not

---

[4] Accordingly, the order finding service was proper could not have opened a second window of opportunity to remove the action. If Defendant's argument is correct, then in cases such as this, a defendant could allow related entities to litigate an action and then, after receiving unfavorable rulings, remove the action to federal court to relitigate in an attempt to obtain a more desirable outcome. This result could not be what was intended by allowing a defendant to remove an action beyond the thirty-days after service as allowed by the statute.

[5] The Court notes that a defendant's time to remove an action is triggered by the simultaneous service of the summons and complaint, but would not be triggered by receipt of the complaint without any formal service. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

filed until July 23, 2013, which is approximately three and one half years after the time to remove had passed, the notice would be untimely under section 1446(b)(1). The Court declines to decide the issue of whether federal jurisdiction was apparent from the face of the complaint because, as discussed below, Defendant RTC's motion is also untimely under section 1446(b)(3).[6]

### B. Defendant RTC Received Notice of CAFA Jurisdiction Existed and Had to Remove this Action by March 4, 2013

Defendant RTC argues that it is entitled to removal based upon its discovery that CAFA jurisdiction exists in this action. CAFA confers federal jurisdiction in mass class actions where the aggregated monetary relief claims of 100 or more persons exceeds $5,000,000 and the parties satisfy minimal diversity. 28 U.S.C. 1332(d); Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 680-81 (9th Cir. 2006). Defendant RTC contends that it did not discover that the jurisdictional requirements under CAFA were met until it conducted its own investigation regarding the rates of pay and number of drivers in the putative class, which occurred after the state court found that service of the complaint was proper. (ECF No. 17 at 13-14.) Defendant RTC relies on the recent Ninth Circuit decision in Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121 (9th Cir. 2013), to argue that the removal was timely based upon their own investigation.

#### 1. Roth is Inapplicable in this Action

In Roth, the district court found that the defendants had not received sufficient information from the complaint or any "other paper" that the case was removable based upon CAFA or federal question jurisdiction and therefore, the thirty-day windows specified in section 1446(b)(1) or (b)(3) had not been triggered. Id. at 1124. Because the windows had not been triggered, the district court found that the action could not be removed based upon the defendants

---

[6] Because the Court finds that this action was not timely removed, it will not discuss whether the LMRA, FAAAA or FMCSA preempts the state law claims. Therefore, the Court declines to take judicial notice of Burnham v. Ruan Transport, No. SACV 12-0688 AG (ANx), (C.D. Cal. Aug. 16, 2013). However the Court notes that the Ninth Circuit has not yet addressed the question of whether the FAAAA preempts the California Labor Code's meal and rest period requirements, and district court cases address this issue with varying results. Brown v. Wal-Mart Stores, Inc., No. C 08-5221 SI, 2013 WL 1701581, *3 (N.D. Cal. April 18, 2013).

8

discovering through their own investigation that CAFA applied. Id. The district court granted a motion to remand. Id.

In reversing the district court, the Ninth Circuit held that a defendant can remove outside of the two periods authorized by 1446(b) if the removal does not run afoul of either of the thirty-day deadlines in section 1446(b). Id. at 1125. The appellate court found that the defendants in Roth had "not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) [and a party] may remove to federal court when it discovers, based on its own investigation, that a case is removable." Id. at 1123. However, the premise upon which the appellate court held was that "neither of the two thirty-day periods under §§ 1446(b)(1) and (b)(3) had been triggered." Roth, 720 F3d at 1123-1124.

Although Defendant RTC argues that this case is similar to Roth, in Roth the parties were not provided with "other paper" that provided sufficient information to trigger the second thirty-day window under 28 U.S.C. § 1446(b)(3), nor had section 1446(b)(1) been triggered. As discussed below, Defendant RTC has received such "other paper" providing them with notice that federal jurisdiction existed and therefore Roth is not applicable to this action.

Under section 1446(b)(3), where an action is not removable on the face of the complaint, the party has thirty days after receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added.) Here, the issue is when Defendant would be on notice of the size of the class and the amount in controversy.

2. Size of Class

Plaintiffs contend that Defendant RTC was on notice of the size of the class as early as December 2009 when Defendants Ruan, Inc., KCTL and RTC's counsel produced a list of approximately 800 class members. Additionally on April 5, 2010, Plaintiffs elicited testimony that there were more than 100 class members employed by Defendants. Further, Defendant RTC received notice in the motion for class certification on February 11, 2013 that there were more than 100 class members. (Decl. of Daniel M. Kopfman in Support of Motion for Class

Certification ¶ 18, ECF No. 21-5.)  While Defendant RTC argues that they had not appeared in this action and cannot be imputed with such knowledge, knowledge of an attorney acquired during a time when he or she is acting in the course and scope of employment is imputed to the client.  Armstrong v. Ashley, 204 U.S. 272, 283 (1907).

"In actions by a third party against one of two principals who had been represented by an attorney acting in a dual capacity, it has frequently been held that the knowledge of the attorney would be imputed to the defendant-principal, notwithstanding the fact that the attorney may have been acting for the other principal at the same time."  V. Woerner, Annotation, Imputation of Knowledge of Agent Acting for Both Parties to an Action, 4 A.L.R.3d 224, § 10(b) (1965).  Notice to or knowledge of an attorney representing two clients in the same case is imputed to both clients as if the attorney represented one client alone.  Astor v. Wells, 17 U.S. 466, 479 (1819).

Defendants KCTL and Ruan, Inc. had been represented by Littler Mendelson since they appeared in this action in state court.  (See Plaintiffs' Doe Amendment, ECF No. 11-2; Reporter's Transcript, ECF No. 11-8; Reporter's Transcript, ECF No. 11-9.)  The same attorney requested that Defendant RTC be given a two week extension of time to respond to the naming of the Doe defendant, prepared Defendant RTC's responses to Plaintiff's special interrogatories, and moved to set aside the default judgment.  (See Exhibit E, ECF No. 11-5; RTC's Response to Kevin Williams Special Interrogatories, Set One, ECF No. 11-6; Motion to Set Aside Default Judgment, ECF No. 11-13.)

Defendant RTC contends that it is a separate entity from the other defendants in this action and the knowledge attributable to these defendants cannot be imputed to Defendant RTC.  However, in support of their notice of removal Defendant RTC submitted a declaration of Claude Balaam in which he states under penalty of perjury that he has been the Operations Manager for RTC since early 2006 and is "familiar with the operations of RTC, including the operations of Kings County Truck Lines, Inc. ("KCTL") before its operations merged into RTC. . . ." (ECF No. 2-2 at 2.)  Further, the declaration of Ronald Hanson, Vice President of Human Resources for Defendant RTC states that Defendant KCTL was purchased by Defendant RTC on or about

January 1, 2006, and the operations merged and KCTL ceased to have any employees. All three defendants are headquartered at 666 Grand Avenue, Des Moines, IA 50309. (Decl. of Ronald C. Hanson 2, ECF No. 2-1.)

The declaration of Claude Balaam also states that the number of drivers on Defendant RTC's payroll were "396 in 2009, 349 in 2010, 388 in 2011, 420 in 2012, and 408 in 2013." (ECF No. 2-2 at 2.) Further, Defendants were on notice that this action involved a class of at least one hundred by Plaintiffs' motion for class certification which is an "other paper" under section 1446. The Court finds that Defendant RTC had knowledge prior to the entry of default judgment that the class in this action was comprised of at least 100 plaintiffs. Further, upon receiving notice of the entry of default judgment, February 1, 2013, and filing the motion to set aside default, February 6, 2013, Defendant RTC would have notice of those "other papers" in the record which show that the class size was in excess of 100 plaintiffs. Hence, by February 6, 2013, Defendant RTC was on notice as to the size of the class and, as discussed below, the amount in controversy, and the thirty-day window to remove this action began on that date.

3.     Amount in Controversy

As to the amount in controversy under CAFA, a motion for default judgment was filed on February 1, 2013, setting forth damages in excess of $40,000,000. (ECF No. 11-2.) Defendant RTC obviously received this notice as the motion to set aside default judgment is dated February 6, 2013. (ECF No. 11-13.) Because the motion for default judgment is a paper "from which it may first be ascertained that the case is one which is or has become removable," Defendant RTC had thirty days from the date of receipt in which to remove this action. Accordingly, the latest date that the second thirty-day window would have begun to run is February 6, 2013, and the notice of removal had to be filed by March 8, 2013. Defendant RTC was not timely when it filed its notice of removal on July 23, 2013.

Even if Defendant RTC is correct that this action was stayed while they appealed Judge Reed's decision to the Fifth Appellate District, the default judgment was not set aside until April 29, 2013 which is after the thirty-day time period had expired. Defendant RTC's removal was

untimely under 28 U.S.C. 1446(b)(3).

### C. Timeliness Based Upon Stay

Assuming arguendo that Defendant RTC is correct that the thirty-day window under section 1446(b)(3) did not begin to run until Judge Reed found that Defendant RTC had been properly served on April 29, 2013, the removal of this action would still be untimely.

Defendant RTC's motion to set aside default judgment was granted on April 29, 2013. (ECF No. 2 at 54-56.) On May 10, 2013, the Fifth Appellate District stayed the portion of the order that directed Defendants to produce class member contact information within five days. (Id. at 58-59.) The stay was lifted on July 3, 2013, and the May 10, 2013 order was amended to state that the trial and portion of the order directing Defendants to produce class member information within five days was stayed. (Id. at 61-68.) This action was removed on July 23, 2013. (ECF No. 2.)

During the September 18, 2013 hearing on this motion, the parties presented arguments on the date by which this action was required to be removed due to the stay, assuming that the thirty-day clock did not begin to run until April 29, 2013. Federal Rule of Civil Procedure 6 specifies the manner in which time is to be computed. As relevant to the issue here, the date the stay was entered is excluded and the last day of the period ends when the Clerk's Office is scheduled to close. Fed. R. Civ. P. 6(a)(1) and (4). Accordingly, assuming that Defendant RTC's time to remove was triggered by the April 29, 2013 order, the time to remove would begin to run on April 30, 2013.

The order staying this action issued on June 10, 2013, so the first day of the stay would be June 11, 2013. The order lifting the stay was issued on July 3, 2013, so time would begin to run again starting July 4, 2013. Based upon this sequence of events, eleven days of the thirty-day period passed at the time the stay was entered. Time began running again on July 4, 2013, so the thirty-day window expired on July 22, 2013.

Defendant RTC did not remove this action until July 23, 2013, one day beyond the thirty days required under section 1446. Therefore, even if Defendant RTC is correct that the thirty-day

12

windows were not triggered prior to the state court determining that service was proper, Defendant RTC's removal of this action was untimely.

In this instance, Defendant RTC's removal of this action was untimely based upon any of the theories presented. The Court finds that the removal was untimely and recommends granting Plaintiffs' motion to remand to state court. Because the Court finds that the removal of this action was untimely, it will not address the additional arguments of the parties set forth in the motion to remand and opposition.

## V.

## MOTION FOR ATTORNEY FEES

Plaintiffs are seeking attorney fees associated with bringing this motion to remand. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." Whether to award attorney fees is left to the discretion of the district court. Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005). Determining whether attorney fees should be awarded turns on the reasonableness of the removal. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1165 (9th Cir. 2008).

This action has been litigated for over three and one half years in the state court since Defendant RTC was served with the complaint. It was not until trial was imminent that Defendant RTC entered into a stipulation to continue the state court action and then filed the notice of removal. As discussed above, Defendant RTC did not timely remove this action as required by section 1446(b)(1) or (3). Based upon the facts in this action as they apply to Defendant RTC's removal, the Court finds that Defendant RTC did not have a reasonable basis upon which to remove this action and an award of attorney fees is appropriate.

The issue of attorney fees is a collateral matter over which the district court retains jurisdiction even after the court is divested of jurisdiction on the merits. Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992). Therefore, the Court recommends that Plaintiffs' motion for attorney fees be granted and Plaintiffs be granted an opportunity to file a

motion for attorney fees should the District Court adopt this findings and recommendation.

## VI.

## CONCLUSION AND RECOMMENDATION

The Court finds that Defendant RTC's removal of this action was not within the thirty days required by 28 U.S.C. § 1446 under any of the theories advanced by Defendant RTC.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiffs' motion to remand be GRANTED:

2. Plaintiffs' motion for attorney fees be GRANTED; and

3. This action be remanded to state court.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 2, 2013**

UNITED STATES MAGISTRATE JUDGE