# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WILLIAMS, et al., | Case No. 1:13-cv-01157-LJO-SAB |
| Plaintiffs, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND REMANDING ACTION TO STATE COURT |
| RUAN TRANSPORT CORPORATION, et al., | |
| | THIRTY-DAY DEADLINE |
| Defendants. | (ECF Nos. 9, 10, 11, 17, 18, 19, 21, 26) |

On October 2, 2013, the magistrate judge assigned to this action issued Findings and Recommendations to remand this action to Tulare County Superior Court given Defendants' untimely removal to this Court. (ECF No. 26.) The Findings and Recommendations were served on all parties and contained notice that objections were to be filed within fourteen (14) days. Defendants filed Objections to the Findings and Recommendations on October 16, 2013.

This Court finds that the Findings and Recommendations properly analyzed untimely removal of this action. This Court need not address Defendants' Objections to the extent that they reargue their points to support remand.

Defendants contend that the Findings and Recommendations erred to award attorney fees in that there was an objectively reasonable basis for the removal. This Court finds unpersuasive Defendants' arguments that the length of the briefing shows an objectively reasonable basis for

1

removal.  This Court further rejects Defendants' other points to support an objectively reasonable basis for removal.

As the Findings and Recommendations properly evaluated, Defendants' removal of this action was 3 1/2 years after service of the complaint and was clearly untimely pursuant to the 30-day removal window provided by 28 U.S.C. § 1446(b)(1).  Additionally, Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121 (9th Cir. 2013), is inapplicable in this action as Defendants received an "other paper" providing them with notice of jurisdiction under the Class Action Fairness Act.

The Findings and Recommendations accurately calculated the removal deadline to render removal untimely under 28 U.S.C. § 1446(b)(3).  Because Defendants' removal was untimely under either window provided by the removal statute, the Findings and Recommendations correctly determined that Defendants did not have an objectively reasonable basis for removing this action on July 23, 2013.

Finally, although Defendants cite cases where attorney fees were not awarded because there was an objectively reasonable basis for removal, that is not the case here.  Defendants seek an equitable exception to the time limits imposed by 28 U.S.C. § 1446 and which has not been recognized in the Ninth Circuit.  See Blue v. Equifax Information Services, LLC, No. C 06-06349 JSW, 2007 WL 602295, at *2 (N.D. Cal. Feb. 22, 2007) (Ninth Circuit has not recognized equitable exception to one year limitation in section 1446, statute does not contain an exception, and Ninth Circuit narrowly construes removal statutes against removal); Kulaas v. State Farm Mut. Auto. Ins. Co., No. C13-485RSM, 2013 WL 2627138, at *2 (W.D. Wash. June 11, 2013) (no equitable exception to one year limit on removal); Selman v. Pfizer, 2011 WL 66553554, at 4 (D. Or. Dec. 16, 2011) (Ninth Circuit has not adopted equitable exception to § 1446(b)'s one year time limit); Parker v. California, No. C-98-4844 MHP, 1999 WL 111889, at *2 (N.D. Cal. Feb. 26, 1999) (equitable estoppel is not a recognized exception to the requirement that all defendants join in removal).

The Ninth Circuit strictly construes the removal statutes and places a heavy burden on defendants to demonstrate that removal is proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th

Cir. 1992). Defendants' argument that another window of opportunity to remove existed outside those established by 28 U.S.C. § 1446 is not an objectively reasonable basis for removal.

In accordance with 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, this Court finds that the Findings and Recommendations are supported by the record and proper analysis.

Accordingly, this Court:

1. ADOPTS in full the Findings and Recommendations issued October 2, 2013 (ECF No. 26);
2. REMANDS this action to the Tulare County Superior Court on the grounds that removal was untimely;
3. DIRECTS the Clerk to take necessary action to remand this action to the Tulare County Superior Court;
4. ORDERS Plaintiffs, at their option and within thirty days from the date of service of this order, to file and serve a motion for attorney fees; and
5. DIRECTS the clerk to CLOSE this action.

IT IS SO ORDERED.

Dated:   **October 17, 2013**          **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE