# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WILLIAMS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RUAN TRANSPORT CORPORATION, et al.,<br><br>    Defendants. | Case No.  1:13-cv-01157-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RE ATTORNEY FEES AND COSTS<br><br>(ECF Nos. 31, 33)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On October 18, 2013, this action was remanded to state court; however the District Court retained jurisdiction for the limited purposes of determining the amount of costs and fees associated with removal to be awarded to Plaintiffs and referred the matter to the undersigned. (ECF No. 29.)  Plaintiffs filed a motion for attorney fees and costs on November 8, 2013.  (ECF No. 31.)  On November 27, 2013, Defendants filed an opposition.[1]  (ECF No. 33.)  On December 4, 2013, Plaintiffs filed a reply.   The Court found that the motion was suitable for decision

---

[1] In their opposition to the motion for attorney fees, Defendants once again argue that there was a reasonable basis for removal and therefore attorney fees should not be awarded.  This Court has previously found that Defendants did not have a reasonable basis for removal, and therefore, these arguments shall be disregarded.  (ECF No. 26.)  Further, while Defendants contend that the Court found that there was no objectively reasonable basis for removal, "in large part because RTC filed the Notice of Removal outside of the one-year limitation set forth in 18 U.S.C. § 1446[,]" that is incorrect.  The Court found that under either 1446(b)(1) or (3) the thirty-day time period to remove this action had run prior to the action being removed by Defendants.  The Court did not consider the one-year limitation to remove as it does not apply to this action.

without oral argument and an order issued vacating the hearing on the motion on December 9, 2013.

## I.

## PROCEDURAL HISTORY

This class action was filed on October 10, 2008, in Alameda County Superior Court. On February 3, 2009, the action was transferred to Tulare County Superior Court. On February 1, 2013, default was entered against Defendant Ruan Transport Corporation ("RTC"). On April 29, 2013, the Superior Court set aside the default.

On May 8, 2013, Defendant RTC filed a writ of mandate in the Fifth District Court of Appeal. The Fifth District Court of Appeal denied Defendant RTC's petition for a writ of mandate on July 3, 2013. On July 23, 2013, Defendant Ruan Transport Corporation ("RTC") removed this action to the Eastern District of California on the basis of federal jurisdiction.

Plaintiffs filed a motion to remand on August 19, 2013. On September 4, 2013, Defendants filed an opposition to the motion to remand and request for judicial notice. Plaintiffs filed a reply on September 11, 2013.

The Court heard oral arguments on September 18, 2013. On October 2, 2013, findings and recommendations issued recommending remanding this action to state court and allowing Plaintiffs to file a motion for attorney fees and costs. Defendants filed an objection to the findings and recommendations on October 16, 2013. (ECF No. 28.) On October 18, 2013, District Judge Lawrence J. O'Neill issued an order adopting the findings and recommendations. (ECF No. 29.) Judge O'Neill retained jurisdiction and referred the action to the undersigned to determine the amount of attorney fees Plaintiff is entitled to due to the improper removal of this action from state court.

## II.

## LEGAL STANDARD

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has already determined that Plaintiffs are entitled to costs and expenses incurred as a result

2

of removal. The Court need only determine the appropriate amount of costs and expenses.

The Ninth Circuit utilizes the "lodestar" approach for assessing reasonable attorneys' fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). The Ninth Circuit has approved the use of the lodestar method to calculate the award associated with improper removal. John B. Schlaerth MD v. Spirtos, 308 Fed. Appx. 196, 198 (9th Cir. 2009); see also Albion Pacific Property Resources, LLC v. Seligman, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004).

In determining a reasonable fee, the Court takes into account the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases (hereinafter referred to as the "Kerr factors"). McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995).

### III.

### DISCUSSION

Plaintiffs' motion seeks attorney fees in the amount of $54,120.00 for 98.4 hours of work performed by four attorneys at a rate of $550.00 per hour.[2] Defendants contend that the amount sought by Defendants is patently unreasonable.

Considering the Kerr factors, with respect to factors one through three (time and labor

---

[2] Plaintiffs' motion for attorney fees requests $51,040.00 for 92.8 hours, however their reply states they are requesting $54,120.00 for the same number of hours. In the original motion, Defendant Kopfman's hours were noted as 57 hours and in the reply his hours were noted at 62.6. The hours set forth in the reply actual total 98.4 which is the total the Court shall consider in deciding the motion.

Defendants submit fifteen pages of objections to Plaintiff's declarations in support of the motion for attorney fees. (ECF No. 33-3.) The Court has reviewed the objections and they are overruled.

1  required, novelty of issues and skill required), the Court notes that the issues associated with the
2  motion to remand were not novel, difficult, or complex.  Defendants attempted to remove this
3  action over three years after being served and six months after the last date in which they would
4  be on notice that the Class Action Fairness Act would be applicable in this action.

5  There is no indication that factors four through eleven are particularly relevant here.
6  While the attorneys are experienced in the practice of labor law, this case had been litigated in
7  state court for over five years before being removed by Defendants to this Court.  This action was
8  removed on July 23, 2013, and remanded on October 18, 2013.  The delay in this action caused
9  by the removal was brief in considering the history of the action.

10  **A.  Reasonable Number of Hours**

11  Counsel is seeking payment for 98.4 hours worked in bringing this motion to remand.
12  Defendants contend that the amount of hours sought are unreasonable given that counsel is
13  extremely experienced in litigating these types of actions and the attorneys have billed for
14  duplication of effort which must be reduced.

15  A reasonable number of hours is equal to the number of hours that the attorney could
16  reasonably bill to a private client.  Gonzalez, 729 F.3d at 1202.  "A district court should exclude
17  from the lodestar amount hours that are not reasonably expended because they are 'excessive,
18  redundant, or otherwise unnecessary.' "  Van Gerwin v. Guarantee Mut. Life Co., 214 F.3d
19  1041,1045 (9th Cir. 2000) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The district
20  court has the discretion to make adjustments to the number of hours claimed or to the loadstar,
21  but is required to provide a clear but concise reason for the fee award.  Gates v. Deukmejian, 987
22  F.2d 1392, 1398 (9th Cir. 1992).

23  In this instance, counsel have included hours in which all four partners have billed for the
24  same functions and are redundant.  The court may reduce those hours where a case is overstaffed
25  and hours are duplicated and where the hours expended are deemed to be excessive.  Chalmers v.
26  City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir. 1986).  Counsel "is expected to exercise good
27  billing judgment by making a good faith effort to exclude hours that are excessive, redundant or
28  otherwise unnecessary."  Cortes v. Metropolitan Life Ins. Co., 380 F.Supp.2d 1125, 1132 (C.D.

Cal. 2005). In this instance, counsel did not attempt to exclude those hours which were redundant or excessive. The Court finds that billing for duplicative work by four attorneys in this fairly straight forward removal action is excessive. Therefore, the Court shall reduce the number of hours to a reasonable amount.

Mr. Wagner submits a declaration stating that between August 29, 2013, and October 23, 2013, he has spent approximately 11.3 hours working on the motion to remand without providing a detail of the time spent on any function. These hours are for reviewing the drafts of the motion, assisting in preparation of the motion, reviewing all pleadings related with the motion, and discussing strategy and many of the issues involved. (Decl. of Nicholas Wagner ¶ 5, ECF No. 31-5.) The Court finds that these hours are redundant of those billed by attorneys Kopfman and Artenian, who actually performed the legal work and argued the motion to remand, and are therefore not reasonable.

On July 24, 2013, Mr. Jones billed for 1.2 hours to review the removal to federal court, Mr. Kopfman billed for 3 hours for reviewing and analyzing the notice of removal and associated documents, and Mr. Artenian billed for 1.2 hours for reviewing the notice. On August 14, 2013, Mr. Jones billed for .8 hours for reading and offering edits on the motion to remand and Mr. Artenian billed for 1 hour for reviewing the draft of the points and authorities in support of the motion to remand. Mr. Jones also billed time on September 16, 17, and 19, 2013 for reviewing the case law and filings and discussions with staff. The Court finds that this time is duplicative and, given Mr. Artenian's thirty years' experience and Mr. Kopfman's fifteen years' experience, is excessive. Since Mr. Kopfman researched and drafted the pleadings in this instance, and Mr. Artenian argued the motion, they are entitled to reasonable hours for the time expended on this motion to remand. However, the Court finds the hours billed by Mr. Jones to be unreasonable.

On August 28, 2013, Mr. Kopfman billed for 1 hour reviewing the federal court filings and standing order. The Court finds that this time is redundant as the filings have previously been reviewed by Mr. Kopfman and is therefore unreasonable. Additionally, the Court does note some discrepancies in the date sequence of Mr. Kopfman's time. For example, on October 2, 2013, Mr. Kopfman billed for .6 hours and .5 hours for reviewing the magistrate judge's findings and

recommendations, however there are other dates separating these two entries that are not in time sequence.[3]

On October 7, 2013, Mr. Kopfman has billed for time in reviewing rules that does not directly relate to the representation in this case, but is to address his lack of knowledge that would be relevant to this case. L.H. Schwarzenegger, 645 F.Supp.2d 888, 900 (E.D. Cal. 2009). Billing for this is not reasonable and the Court shall not award fees for the .5 hours billed on this date.

Mr. Kopfman billed for 1.5 hours to draft his declaration in support of the motion for attorney fees and Mr. Artenian billed for 1 hour on November 5, 2013 for preparing the declaration in support of the motion to remand. Upon review of these documents, the Court agrees with Plaintiff that these are largely form declarations and the amount of time billed is excessive. The Court finds that .5 hours is a reasonable amount of time for each attorney to complete this task.

Mr. Artenian billed for reading the motion to remand and associated documents on July 24, 2013. He billed for 3.2 hours on September 16, 2013 for reviewing the motion, remand, and reply and discussion with co-counsel, and for an additional 3.5 hours for reviewing documents on September 17, 2013 while organizing and preparing for oral arguments. On September 18, 2013, Mr. Artenian billed for 3 hours for reviewing files and documents preparing notes, attending the hearing and discussion with co-counsel. A portion of these hours is duplicative, however, the Court is unable to determine which portion is duplicative as these are block entries that do not indicate the amount of time spent on each task within the entry.

Additionally, Mr. Kopfman has billed for 30 hours for researching and drafting the motion to remand and declaration and 18.5 hours for reviewing the opposition, researching and drafting the reply. Given that this was a motion was based upon violation of the thirty day time limits set forth in 18 U.S.C. § 1446, the Court would expect an attorney with over fifteen years' experience to have prepared numerous such motions.

The amount of time spent by Mr. Kopfman in this action is excessive given the issues that

---

[3] The entries which are out of sequence do cause the Court some concern regarding the accuracy of record keeping.

were to be addressed and his level of experience. See Pack v. Hoge Fenton Jones & Appel, Inc., Nos. 12–CV–4512–SC, 12–CV–4513–SC, 2013 WL 140027, at * 7 (N.D. Cal. Jan 10, 2013) (18 hours is a reasonable amount of time for fairly straight forward motion to remand); Gutowski v. McKesson Corp., No. C 12–6056 CW, 2013 WL 3242265, at * 2-3 (N.D. Cal. June 25, 2013) (11.6 hours is reasonable for an attorney with approximately 20 years of experience); Ada County Highway Dist. v. Northwest Pipeline GP, No. 1:12–cv–00184–BLW, 2013 WL 2458528, at * 1-2 (D.Id. June 6, 2013) (approving 77.4 hours because of the complexity of investigating ownership, which was necessary to prove citizenship for diversity purposes); Beauford v. E.W.H. Group Inc., No. 1:09–CV–00066–AWI–SMS, 2009 WL 3162249, at *8 (E.D. Cal. Sept. 29, 2009) (11.87 hours is a reasonable amount for motion to remand).

Based upon the issues that were addressed in the motion to remand, the Court finds that a reasonable amount of hours for Mr. Kopfman to have spent on this motion to remand and motion for attorney fees would be 20 hours. Similarly, based upon Mr. Artenian's experience a reasonable amount of time for him to expend in reviewing the motion to remand and preparing and attending the hearing would be 12 hours. Given that other courts have found 12 to 18 hours to be reasonable for attorney's to expend on a motion to remand, this Court finds that, considering the issues addressed, a total of 32 hours in this instance is reasonable compensation for the services performed by counsel.

**B.     Reasonable Hourly Rate**

Defendants contend that the hourly rate sought by Plaintiffs is not reasonable and is entirely out of proportion to the prevailing rate in the legal community. The loadstar amount is to be determined based upon the prevailing market rate in the relevant community. Blum v. Stenson, 465 U.S. 886, 896 (1984). It is the moving party's burden to establish that requested rates are in line with those prevailing in the community for similar services by attorneys of reasonably comparable skill, experience, and reputation. Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1124 (E.D. Cal. 2011). While Defendants argue that their practice is statewide, the "relevant legal community" for the purposes of the lodestar calculation is generally the forum in which the district court sits. Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir.

2013).

Here, the reasonable hourly rate is the market within the Fresno Division of the Eastern District of California. While Plaintiffs are seeking $550.00 per hour as the prevailing rate, they have submitted a declaration from Eric Grover who practices in the Northern District of California. In his declaration, Mr. Grover sets forth rates found to reasonable in the Northern District which are not relevant here. Further, Defendants submit the declaration of Stephen Cornwell who states that he considers $550.00 to be a reasonable rate of compensation based on his experience. While Mr. Cornwell states that he has been awarded fees of $700.00 per hour for representing litigants in employment actions, he does not cite any case in the Eastern District in which he was awarded fees in such an amount. Courts in the Fresno Division of the Eastern District do not find $550.00 per hour to be a reasonable rate, as discussed below.

Considering awards in similar cases, Plaintiffs rely on two cases, Bond v. Ferguson Enterprises, Inc., 2011 WL 2648879 (E.D. Cal.), and Franco v. Ruiz Food Products, Inc., 2012 WL 5941801 (E.D. Cal.), to argue that rates of up to $650 to 675 per hour have been approved for attorneys in this district. However, both of these actions were not awarding attorney fees based upon a lode star calculation, but were using the lodestar as a cross check to assess the reasonableness of the percentage award. Further, the Court finds that the Laffey Matrix, which applies to attorney fees in the District of Columbia, is inapplicable to the relevant rates in the Fresno Division of the Eastern District of California. (ECF No. 33-1 at 13.)

In determining the relevant rate within the Eastern District of California, courts have found that $375.00 per hour is the top range for a senior lead attorney practicing in the Fresno area. Luna v. Hoa Trung Vo, No. 1:08-cv-01962-AWI-SMS, 2011 WL 2078004, at *5 (E.D. Cal. May 25, 2011) (attorney with more than 40 years' experience and specializing in disability related litigation); see also Joe Hand Productions, Inc. v. Garl, 2013 WL 4736826, at *3 (E.D. Cal. Sept.3, 2013) ($350.00 per hour is reasonable hourly rate for very experienced and skilled trial attorney within the Fresno Division of the Eastern District and awarding attorney with twenty years' experience $350.00 per hour); Jadwin, 767 F.Supp.2d at 1133 (awarding labor law attorney with over 30 years' experience $380 per hour for serving as fee counsel in action). This Court

8

has recently found that $300.00 per hour is a reasonable rate for lead counsel with approximately 12 years of experience. Dolarian Capital, Inc. v. SOC, LLC, No. 1:11-cv-00031-LJO-SAB; 2013 WL 1006071, at *4 (E.D. Cal. Mar. 13, 2013); see also Ramirez v. Merced County, No. 1:11-cv-00531-AWI-DLB, 2013 WL 4780440, at *9 (E.D. Cal. Sept. 5, 2013) (awarding lead attorney $325.00 per hour in action brought for violation of the Americans with Disabilities Act); BR North 223, LLC v. Glieberman, No. 1:10-cv-02153 LJO-BAM, 2012 WL 2920856, at *3 (E.D. Cal. July 17, 2012) (awarding $300 per hour to attorney with 9 years' experience in breach of contract action).

In this instance, the Court shall address the rate of those attorneys that the Court have found may be compensated for their time in this action, Daniel Kopfman and Lawrence Artenian. Mr. Artenian has more than thirty years' experience and the Court finds that an hourly rate of $375.00 is reasonable based upon his experience and efforts in this action.

Mr. Kopfman has approximately fifteen years' experience. Based upon Mr. Kopfman's experience and review of hourly fees in similar cases, the Court finds that $325.00 per hour would be reasonable compensation for an attorney with this amount of experience.

## IV.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court finds that a reasonable amount of time for the work performed by Mr. Artenian is 12 hours at the rate of $375.00 per hour for a total of $4,500.00; and Mr. Kopfman is 20 hours at $325.00 per hour for the work performed for a total of $6,500.00. The court calculates that Plaintiff is entitled to recover fees of $11,000.00 from Defendant.

Accordingly IT IS HEREBY RECOMMENDED that Plaintiff's motion for attorney's fees and costs be GRANTED against Defendant in the amount of $11,000.00.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 16, 2013**

UNITED STATES MAGISTRATE JUDGE